# OCTOBER, 1931

STATE OF TEXAS V. J. C. EPPERSON ET AL.

Motion No. 9859.   Decided October 5, 1931.
(42 S. W., 2d Series, 228.)

*James V. Allred,* Attorney General, and *F. O. McKinsey* and *Scott Gaines,* Assistant Attorneys General, for relator.

MR. JUDGE LEDDY delivered the opinion of the Commission of Appeals, Section B.

On December 31, 1928, Hidalgo county entered into a contract with J. C. Epperson, an attorney, for the collection of delinquent state and county taxes, by the terms of which Epperson was to receive 15 per cent. of all such taxes that might be collected as a direct result of his services.

On April 1, 1929, said county made a contract with an abstract company to furnish such abstracts to Epperson as would enable him to bring proper suits for the collection of delinquent taxes, agreeing to pay the company for such services ten per cent. of the taxes collected as the result of such suits.

The parties operated under these contracts without any controversy arising up to October 17, 1929. At that time there had been collected a total of $282,687.64 in delinquent taxes, of which $108,763.57 was collected as the result of the services rendered by Epperson and the abstract company. Of the latter sum Epperson was paid fifteen per cent. and the abstract company ten per cent., neither party claiming any part of the $173,-924.07, which it seems was collected independently of the efforts of these parties.

On September 9, 1929, Epperson filed with the commissioners' court of Hidalgo county a written proposal setting forth that it would be advantageous to all parties concerned if the contracts between him and the county and the county and the abstract company be cancelled and a new contract made by which he would perform all the duties provided under both contracts, it being stated in his proposal that he would perform all the services specified in both contracts and in addition thereto certain other services in preparing a plat book system for the county without any additional remuneration other than that provided in the previous contracts.

It is made to appear that the commissioners' court accepted this proposal, cancelled both of the old contracts, and entered into a new contract with Epperson under date October 17, 1929. The order of the commissioners' court and the new contract were prepared by Epperson and adopted by the commissioners' court.

It is further shown that since October 17, 1929, there has been collected in delinquent taxes as a direct result of Epperson's services the sum of $18,285.38, and that Epperson has been paid a total of approximately $19,464.83. It is also shown that Hidalgo county during said time has collected the sum of $536,322.62 in delinquent state and county taxes which was not the result, directly or indirectly, of any services performed by Epperson.

On March 5, 1930, D. C. Earnest and five other taxpayers of Hidalgo county filed in the 93rd District Court of Hidalgo county Cause No. 7732, styled Earnest et al. v. Cameron, on the docket of said court, in which the plaintiffs sought to have the contract of date October 17, 1929, cancelled and to recover from Epperson money previously paid him thereunder. The grounds upon which cancellation of the contract was sought were:

(a) The commissioners' court was without power to make such contract;

(b) Same was procured by fraud and collusion;

(c) That the compensation provided in said contract was so excessive as to be a legal fraud.

In this suit the State of Texas, through its proper officer, intervened, and joined in the prayer for the relief asked by the taxpayers.

On April 23, 1930, the district court of Hidalgo county rendered its final judgment in said cause cancelling the contract of date October 17, 1929, enjoining its further recognition or performance, and in favor of the state and county for the monies previously paid Epperson thereunder.

An appeal from the judgment rendered by the district court of Hidalgo county was duly perfected to the Court of Civil Appeals for the Fourth Supreme Judicial District. On August 15, 1930, before action had been taken by said Court of Civil Appeals in said cause, Epperson and the commissioners' court of Hidalgo county entered into a contract in which it was recited that it was believed the judgment of the district court in said cause would be reversed and it was agreed in the new contract that the time for the performance of the contract between Epperson and the county should be extended for a period to be calculated as provided in said contract, which Epperson claims is until April 22, 1932, the evident purpose of the new contract being to give Epperson, in the event of the reversal of said cause, the benefit of the time for performance which was interrupted by the judgment of the district court.

On January 21, 1931, the Honorable Court of Civil Appeals reversed the judgment of the district court and rendered judgment in favor of Epperson and overruled appellee's motion for rehearing. 34 S. W. (2d) 685. The mandate of the Court of Civil Appeals was filed in the district court of Hidalgo county on July 31, 1931.

In the opinion rendered by the Court of Civil Appeals it was held:

(1) That the contract of date October 17, 1930, between

Epperson and Hidalgo county was within the power and validly made by the commissioners' court;

(2) That same was not made as a result of fraud or collusion;

(3) That the compensation provided therein was not so excessive as to constitute a legal fraud;

(4) That the contract was in all things valid and that monies previously paid Epperson could not be recovered.

On February 5, 1931, Epperson filed in the district court of Hidalgo county his petition for mandamus against H. Tarpley, tax collector of said county. By amended petition the county judge and all members of the commissioners' court were made respondents. In this proceeding Epperson claimed that under his contract of October 17, 1930, the tax collector of said county held some $93,000 in commissions due him for his services under said contract. He alleged that under the terms of the contract he was entitled to twenty-five per cent of all delinquent taxes collected by said county whether the same were collected as the direct result of suits filed by him or otherwise, and that the respondent collector then had in his hands the sum of $93,000 which belonged to him as his commission for services rendered under said contract.

On September 5, 1931, and before any trial had been had of the above mentioned suit in Hidalgo county, the state of Texas, through its attorney general, filed its petition in the 53rd district court of Travis county against Epperson, H. Tarpley, tax collector of Hidalgo county, and George H. Sheppard, comptroller of public accounts of the state of Texas. In this suit the state seeks to enjoin the comptroller from approving the contract of date August 15, 1930, and to require Tarpley as tax collector to pay over to the state treasurer the state's portion of the delinquent taxes collected. In so far as Epperson was concerned the state claimed in its petition that he had not performed the services required under said contract; that said contract had been duly terminated by the commissioners' court, and that in any event Epperson was not entitled to any percentage of delinquent state taxes collected except those collected as the direct result of services rendered by him, and in the alternative it was alleged that if the contract relied on by Epperson be in fact susceptible of a different construction, it was the result of a mutual mistake of the parties thereto, it being their intention that Epperson was to receive as compensation for his services under said contract twenty-five per cent of the delinquent taxes collected as the direct result of suits

instituted by him and there was a prayer for reformation of the contract so as to carry out the true intention of the parties.

Upon the filing of the petition in the above mentioned case, temporary injunction was issued by the district court of the 53rd judicial district of Travis county, enjoining Epperson from further prosecuting his mandamus suit No. 8377 pending in the district court of Hidalgo county until the final determination of said suit in the district court of Travis county. Also temporary injunctions were issued and served against the state comptroller enjoining him from approving the contract of date August 15, 1930, between Hidalgo county and Epperson from collection of delinquent taxes, and also enjoining H. Tarpley as tax collector of Hidalgo county from paying over to Epperson any of the funds in controversy during the pendency of said suit.

On September 17, 1931, Epperson filed in the Court of Civil Appeals for the Fourth Supreme Judicial District his petition in an original proceeding in said court, No. 10752 on the docket of the court, styled J. C. Epperson, relator, v. State of Texas et al., respondents, and upon the filing of said proceeding said court thereon granted writs of injunction and prohibition enjoining the officers of the state from proceeding in Cause No. 50338 in the district court of Travis county, and in effect attempting to vacate the injunction orders issued by the judge of the 53rd Judicial District of Travis county, above referred to, all parties being commanded by said Court of Civil Appeals to appear before said court on September 30, 1931, and show cause why such writs should not be made permanent. By subsequent order this hearing was postponed to October 7, 1931.

The State of Texas, through its attorney general, has filed in the Supreme Court a motion for leave to file a petition for mandamus, the purpose of which is to compel the 53rd District Court of Travis county to proceed with the trial of Cause No. 50338 instituted by the attorney general in behalf of the State of Texas, and asking for the issuance of such writs of prohibition, injunction, etc., against the Honorable Court of Civil Appeals as may be necessary to cause them to vacate all orders which may tend to interfere with the trial of said cause by the district court of Travis county, and also seeking to enjoin Epperson from prosecuting his said suit in Hidalgo county until the final determination of the state's suit in Travis county.

It is apparent that the identical subject matter of the suit brought by Epperson in the district court of Hidalgo county is involved in the suit which the state is now seeking to prose-

cute in the district court of Travis county. Before Epperson can recover the amount claimed in his suit in Hidalgo county it devolves upon him to establish that he is entitled to the amount of commissions claimed by reason of the performance of certain services in accordance with the terms of his contract with the commissioners' court of that county. The state's suit in Travis county is based upon a denial of the existence of the propositions affirmatively asserted by Epperson. It contends that Epperson did not perform the services required under the terms of his contract with Hidalgo county, and that such contract provided for a different amount of commissions from that claimed by Epperson.

■ The law in this state is thoroughly settled that when a court of competent jurisdiction acquires jurisdiction of the subject matter of a suit its authority to determine all the questions involved therein continues, subject only to the appellate authority, until the matter is finally disposed of; and no court of coordinate jurisdiction can lawfully interfere with its action. Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1063; Barrier v. Lowery et al., 118 Texas, 227, 11 S. W. (2d) 298, 13 S. W. (2d) 688.

If the district court of Hidalgo county acquired jurisdiction to render a valid judgment in Epperson's suit for mandamus to compel the payment to him by the tax collector of the county of funds alleged to be wrongfully withheld by said official, then such jurisdiction is exclusive and its right to finally determine the matters involved free from interference of any court of coordinate jurisdiction must be protected.

It is contended by the state that the district court of Hidalgo county did not acquire jurisdiction in Epperson's suit in that county to render a valid judgment against the tax collector of said county, which would be binding upon the state, for the reason that the funds sought to be recovered therein belong to the state and it is not and cannot, without its consent, be made a party to such proceeding.

■ We are unwilling to agree to the correctness of the legal proposition thus asserted by the state. The State of Texas, through the enactment of a valid statute, has authorized the commissioners' court of any county to make contracts for services in collecting delinquent taxes for a percentage of the taxes so collected. Cherokee County et al. v. Odom, 118 Texas, 288, 15 S. W. (2d) 538; Commissioners' Court of Madison Co. v. Wallace, 118 Texas, 279, 15 S. W. (2d) 535.

■ By legislative act the state has constituted the tax collector of the county its agent to receive delinquent taxes collected under such contract and it is the duty of such officer to pay all fees and commissions lawfully incurred in the collection thereof to the various parties who may be entitled thereto. Under such circumstances, the tax collector's duty with reference to money belonging to persons who are entitled under valid contracts to receive the same from him is purely ministerial. If he withholds the payment of such funds when a person is lawfully entitled to receive same, he has failed to discharge a duty imposed upon him by law and his act is a wrongful one.

■ The district court of Hidalgo county is clothed with full authority to compel the tax collector of that county to discharge a ministerial duty imposed upon him by law and therefore it may lawfully determine whether the money claimed to belong to Epperson for services rendered under his contract is being wrongfully withheld by such tax collector.

■ It is true that the district court of Hidalgo county does not possess jurisdiction to enforce the specific performance of the contract relied upon by Epperson or to award damages for any breach of said contract unless the state is a party to the proceeding. Herring v. Houston National Exchange Bank, 241 S. W., 524. But, Epperson's suit is not one to enforce specific performance of his contract or to recover damages for the breach thereof. It is simply an action to compel an officer, as agent of the state, to pay over funds to a party who claims to be lawfully entitled thereto. If the tax collector of Hidalgo county is in truth and in fact wrongfully withholding funds, as an officer and agent of the state, claiming no interest therein, but holding only for the state, an action to compel him to pay the same to a party entitled thereto is not one against the state which can only be brought with the consent of the state. United States v. Lee, 106 U. S., 197, 1 S. Ct., 240, 27 L. Ed., 171; Stanley v. Schwalby, 85 Texas, 349, 19 S. W., 264; Conley v. Daughters of the Republic, 106 Texas, 80, 156 S. W., 197, 157 S. W., 937; Imperial Sugar Co. v. Cabell (Texas Civ. App.), 179 S. W., 83; Whatley v. Patten, 10 Texas Civ. App., 77, 31 S. W. 60.

The case of Imperial Sugar Company v. Cabell, above cited, involved an action by the original vendor against the Board of Penitentiary Commissioners of the State of Texas to recover the title to certain lands which he had conveyed to said commissioners. It appears that at the time of the purchase of the

land such commissioners executed vendor lien notes and that default was made in the payment of such notes at their maturity. The defense was sought to be made that inasmuch as the prison commissioners held this land for the State of Texas no recovery could be had in a proceeding wherein the state was not a party. This contention was denied and it was declared to be a settled principle of law that an action against an officer or agent of the state for property alleged to be wrongfully withheld by him is not an action against the state, even though said officer claims to hold such property for and on behalf of the state.

If Epperson's contention in the suit filed by him in Hidalgo county is true; that is, that he has performed certain services under a valid contract with the commissioners' court, and that under the provisions of such contract he has earned certain commissions which lawfully belong to him, then it logically follows that the tax collector, as an agent of the state, is wrongfully withholding possession of property which it is his legal duty under the statutes of this state to deliver to Epperson. Our courts are clothed with full authority to compel an officer to perform this character of duty without the necessity of the state's being a party to the proceedings.

An analogous principle is involved in that line of cases wherein taxpayers are permitted to enjoin an unlawful act of a tax collector in seeking to subject a citizen's property to a tax lien. In such cases it is uniformly held that even though the case involves taxes due the state, the taxpayer is entitled to injunctive relief if the agent which the state has delegated to collect such taxes is wrongfully attempting to subject a citizen's property to a tax lien.

If Epperson upon trial should obtain judgment in the suit filed by him for the amount of commissions under his contract with the commissioners' court of Hidalgo county, which he claims to be wrongfully withheld by the tax collector, and that judgment should become final, certainly it could be pleaded as res adjudicata in an action subsequently brought by the state to recover such funds.

It therefore clearly appears that the district court of Hidalgo county, at the time of the filing of the state's suit in Travis county, had already acquired jurisdiction over the subject matter there asserted; hence the former court is entitled to proceed without the interference of any other court of coordinate jurisdiction to finally determine Epperson's right to recover the amount claimed.

■ It is within the province of the Court of Civil Appeals to inquire into and determine whether the action of the state in the Travis county suit in enjoining Epperson from proceeding in the Hidalgo suit in any way conflicts with the holding of that court in Epperson's original suit. If, however, that court on a hearing should vacate the orders of the district court of Travis county enjoining Epperson from prosecuting his suit in Hidalgo county, the State of Texas would not be deprived of any right, as the orders of the district court of Travis county enjoining Epperson from prosecuting such suit and the tax collector from paying out the funds in his hands would be void. Cleveland v. Ward, supra.

Nothing which has been said in this opinion should be construed as operating to deny the state the right through its proper official to intervene in the Hidalgo county suit for the purpose of urging any defenses which it may desire to present to the cause of action asserted by Epperson.

We recommend that the motion for leave to file petition for mandamus be denied.

The opinion of the Commission of Appeals is adopted, and the motion for leave to file is overruled.

C. M. CURETON, Chief Justice.