## WELCH v. BUFFALO ENGINEERING CO.
### No. 2940.

Court of Civil Appeals of Texas. El Paso.
Sept. 21, 1933.

See, also (Tex.) 61 S.W.(2d) 855.

L. W. Shepperd and C. W. Brown, both of Groesbeck, for appellant.

Pat S. Russell, of Dallas, for appellee.

WALTHALL, Justice.

This case presents an appeal from an order of the Dallas county court at law granting a temporary writ of injunction.

The record shows that on March 27, 1930, appellant, W. J. Welch, and appellee, Buffalo Engineering Company, entered into a purchase and sale agreement in writing by the terms of which appellee, a Texas corporation, having its principal offices in the city of Dallas, Tex., agreed to sell and did sell and deliver to appellant Welch at Groesbeck, Limestone county, Tex., certain machinery to be used by appellant in his picture show house in Groesbeck, fully described in the written contract, for the sum of $738, of which certain cash payments were to be made at time of the making of the sales contract, and on delivery of the machinery the unpaid balance of $492 evidenced by promissory notes to be paid over a stated period of months, with interest. The sales contract contains certain stipulations and conditions; those that seem, under the pleading of the parties, to have application, briefly stated, are: Appellee guaranteed the equipment to be in perfect working condition on delivery and to repair for defects from ordinary use during the first year; the title to remain in appellee until fully paid for; on failure to pay when due any installment of the purchase price, or any note representing any installment, the unpaid purchase price immediately to become due; the sale shall not be countermanded; the contract covers all of the agreement, and the appellee not to be bound by any representation or promise made by any agent relative to the transaction not embodied in the contract; there shall be no agreement, verbal or otherwise, except those stipulated in the contract: "9th. It is agreed that this order shall not be binding upon the first party (appellee) until it shall have been accepted in writing at the Dallas Office of said Buffalo Engineering Company, Inc., and that upon such acceptance it shall become a contract between the respective parties thereto."

The contract has the word "accepted" (date blank) signed by appellant; it also has the words: "Buffalo Engineering Co., Inc., at Dallas, Texas, by (blank)" and "submitted by W. B. Johnson, salesman for Buffalo Engineering Co., Inc."

To the June–July term, 1933, of the district court of Limestone county appellant, Welch, filed his suit involved here. The suit is against appellee; the petition is lengthy and we state its substance briefly. It states that on the 27th day of March, 1930, appellant and appellee entered into the sales contract above referred to; recites the purchase price of the equipment, the amount paid, and the unpaid balance of $492 to be paid; states that appellant has paid to appellee on the sales contract the sum of $409.98, and "then for the first time learned that the purported contract was void, illegal and of no force and effect for the reason that under Section nine (9) of said purported contract, (stated above) defendant (appellee) had never accepted said provisional contract in writing as provided therein," and that by reason of such failure no contract ever existed between the parties thereto.

Appellant tendered the machinery equipment to appellee and demanded a return to him of the $409.98 paid under the contract.

Appellant pleaded in the alternative that in the event it should be held that it was not necessary for appellee to accept in writing said contract as provided in the contract, appellant then alleged that G. W. Thornton, agent of appellee, in making sale to appellant of said machinery and appliances made certain false and fraudulent representations to appellant as to the efficiency of said equipment, and that in the event said appliance did not perform the work represented appellee would take up the equipment without cost to appellant. Appellant alleged that the blower fan, a part of the equipment, did not perform as represented, stating wherein it was inefficient, by reason of which representations and failure of said appliance appellant has sustained damages in the sum stated.

Appellant represents that appellee now holds said unpaid notes. He prays judgment for the sum of $409.98 paid, for his damages, for cancellation of said contract and the unpaid notes.

On April 26, 1933, appellee filed its verified petition in this proceeding in the Dallas county court at law against appellant Welch; the suit is based on the written contract of March 27, 1930, above referred to, and briefly stated. We need not here more fully state the sales contract; it is attached to and made a part of appellee's petition. The petition alleges the payment of certain of said series of said notes, and appellant's failure to pay the note due on October 20, 1931, and that the unpaid balance remaining due is $327.96, and interest in the sum of $78.71, and attorney's fee. The petition then at much length recites that on April 6, 1933, its agent, Geo. W. Thornton, called upon appellant at Groesbeck and made demand for payment of the unpaid notes, stating the conversation that occurred, the proposition made for settlement, certain admissions made by appellant as to his liability on the notes, and his inability to pay; that appellant requested that suit be not filed until appellant could confer with his attorney who was then out of town, not later than April 10, 1933, with reference to a surrender to appellee of the equipment and accept the cancellation of his unpaid notes; that on the following day, April 7th, appellant filed his suit, as above. The petition recites that the notes sued on are made payable in Dallas county. It is alleged that appellant fraudulently induced the appellee to postpone the

filing of its suit for the purpose, at the time of making said agreement as alleged, to take advantage of the appellee's postponement to file suit in order to give appellant time to file a suit in Limestone county involving the same parties and the same subject-matter, and to be in position to urge a plea in abatement to such suit to be instituted by appellee in Dallas county.

Appellee stated the value of said equipment to be $250, of what it consisted, that he fears appellant will injure and destroy the equipment, and asked for the appointment of a receiver; states that appellant is insolvent; appellee also asks for a temporary writ of injunction restraining appellant, his attorneys, employees, etc., from filing any papers in said cause in Limestone county, and from further prosecuting said cause and requesting further orders, etc., and that it have judgment for its debt, etc.

The court entered an order appointing a receiver, and ordered the issuance of a temporary writ of injunction and notice to show cause why same should not be made permanent.

From the order granting the temporary writ of injunction appellant, W. J. Welch, for himself, his attorneys, etc., prosecutes this appeal.

### Opinion.

Appellant, W. J. Welch, submits propositions to the effect that appellee's petition states grounds only for abating appellant's Limestone county suit, and states no ground for enjoining a suit filed in a county other than in the county in which the injunction is issued, the parties and the subject-matter in the suits being identical; that the Limestone county suit had been pending some twenty days, and that if the matters alleged in appellee's petition were true, same could serve only as a plea in abatement in the Limestone county suit.

No motion was filed to dissolve the injunction granted, nor was any evidence heard on the facts alleged by either side.

In granting the injunction the Dallas county court had only the verified petition of appellee and a certified copy of appellant's petition in the Limestone county suit.

▉▉▉▉ Appellant refers us to a number of cases which we have, with much interest, carefully reviewed, among them Twin City Co. v. Birchfield (Tex. Civ. App.) 228 S. W. 616, and State v. Epperson (Tex. Com. App.) 42 S.W.(2d) 228. Without discussing or undertaking a review of the cases, we have concluded that the case of Mitchell v. Allis-Chalmers Mfg. Co. (Tex. Civ. App.) 283 S. W. 560, by the Amarillo court, and reviewed by

the Commission of Appeals, Sec. A., 291 S. W. 1099, 1100, on writ of error, has more nearly the facts of the present case than any case we have found. The facts in that case are very similar to the facts alleged in appellee's verified petition and largely sustained by the undisputed facts stated in the sales contract here, the length of time appellant had in use the appliances, the payments made, and so far as the pleadings show no complaint had been made of the appliance until pressed for an overdue payment. We think the court granting the writ of injunction is well sustained in assuming, if he did so assume, as true, the facts as alleged by appellee. The notes sued on, it is alleged, are made payable in Dallas county. Appellee, we think, under the facts stated, had a right to file its suit in Dallas county, and there is no answer of appellant denying the equities in appellee's petition. The fact that a prior suit is pending in another court of co-ordinate jurisdiction between the same parties involving the same subject-matter does not of itself automatically deprive the court of jurisdiction of the second suit. The filing of the second suit, it seems, may be waived, and unless the pendency of the first suit is brought to the attention of the court where the second suit is filed, the abatement of the second suit is waived. Such seems to be the rule announced by our Supreme Court in Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, and in Mitchell v. Allis-Chalmers Mfg. Co., supra. We are considering the case only as presented to the Dallas court on application for the temporary writ of injunction.

In the Mitchell v. Allis-Chalmers Mfg. Co. Case, Judge Harvey said: "If a proposed plaintiff contemplates bringing suit immediately in a given court in which he has the right to bring it, and the proposed defendant, knowing of such intention of the proposed plaintiff, fraudulently induces him to postpone the filing of his suit—the proposed defendant purposing at the time to take advantage of the delay thus fraudulently obtained to forestall the plaintiff's contemplated suit by another suit in different county—the plainest principles of equity and fair dealing require that such defendant be estopped from asserting, as ground for abatement, the pendency of the suit so filed by him in consummation of his fraud."

In such case the court in the second suit takes and holds the dominant jurisdiction over the parties and subject-matter of the suit.

The verified pleading of appellee, in the absence of any controverting pleading or fact in the record, makes applicable the above-announced principle.

The case is affirmed.