## CORNEIL v. SWISHER COUNTY et al.

### No. 4339.

Court of Civil Appeals of Texas. Amarillo.

Jan. 14, 1935.

M. J. Baird, of Plainview, for appellant.

Morgan, Culton, Morgan & Britain, of Amarillo, for appellees.

JACKSON, Justice.

This is an appeal from a judgment of the district court of Swisher county, sustaining a general demurrer to appellant's petition and dismissing his case.

He alleges, in substance, that in 1929, at the September term of the commissioners' court of Swisher county, in the name of A. N. Corneil & Co., he entered into a contract with said county, acting by and through W. A. Graham, its county judge, and J. H. Wrenn, W. H. Speer, A. P. Martin, and J. R. Hankins, its commissioners, by the terms of which he was employed to collect the delinquent taxes on the property in said county.

In his petition, which is properly verified, he sets out the entire contract, which designates the county as first party and appellant as second party, specifies that appellant, an accountant and auditor, is engaged to perform certain enumerated services in collecting delinquent taxes and to follow the procedure theretofore referred to in a letter to the court. The contract then provides that:

"Party of the second part hereby agrees to abstract or plat all delinquent property tax as shown by the delinquent property rolls of said County; to make up and mail to last known address of each delinquent tax-payer, statements of the amounts shown to be due and payable, and to ask for the payment of such statements and to follow up such statements looking toward the payment of the same. Party of the second part also agrees to work with the collector in adjusting and correcting all possible errors that may be discovered. Party of the second part further agrees to furnish the county attorney, or any attorney designated by the County Commissioners Court, with such information as may be necessary to institute tax suits.

"(C) The compensation to be paid to the party of the second part is to be paid only out of the delinquent taxes paid in under the continuance of this contract, and is defined to be five per cent (5%) of the amount of the original tax plus an additional amount equal to the interest and penalties that may be collected, and is to be distributed proportionally to the State, County and School funds paid in. Same is to be paid to party of the second part by the collector monthly when remittances are made to the State, County and schools.

"(D) The party of the first part is to be liable for expenses only for stationary and postage and then only to the maximum of $60.00 and no more.

"(E) It is the intention of the parties hereto, that this contract is made in accordance with the authority of art. 7335, R. C. S., and a certified copy of the same is to be furnished the Comptroller."

The contract stipulated that it was to be in full force and effect on and after October 1, 1929.

The appellant alleges in detail the services rendered and that he performed all the duties imposed upon him until the commissioners' court attempted to repudiate the contract by the following order:

"It appearing to the Commissioners Court of Swisher County, Texas, that a reasonable time has elapsed since notices were mailed by A. N. Corneil & Company asking that delinquent taxes be paid and it further appearing to the Court that no more taxes will be paid as a result of said notices and said contract, it is now ordered by the Court that said contract be declared at an end and no further notices sent and no further compensation be paid for said services under said contract.

"Done in open commissioners court this the 15th day of January, A. D., 1931."

That as a result of the work done by him under the contract, delinquent taxes were collected from December 9, 1931, to April 5, 1932, in an amount which entitled appellant, under the contract, to the sum of $264.37 as compensation for his services and attached an itemized statement of the taxes, interest, and penalties collected. He alleges that Mrs. J. C. Moseley is tax collector of said county and, as such, received and now has said fund, but she refuses to pay the $264.37 to appellant because of the above order passed on January 15, 1931. That the county is liable and bound to pay appellant said sum under his contract which is valid, subsisting, and binding. That the commissioners' court has since said order continuously insisted that the contract was terminated thereby and notified the tax collector to make no further payments to appellant under his contract. That the order attempting to repudiate said contract arbitrarily denied appellant the right to proceed with the performance of his duties thereunder and denied him compensation for the services theretofore rendered. He alleges that the defendants will continue to refuse to permit him to perform his contract and receive compensation thereunder and the tax collector will continue to refuse to pay, which will cause him to suffer irreparable damages, for which he has no adequate remedy at law and prays that the county judge and commissioners be enjoined from further interfering with the performance of his contract or from instructing the tax collector not to pay him the compensation already earned or which may be

earned pursuant to the contract, and that a writ of mandamus issue commanding the tax collector to promptly pay appellant the compensation of $264.37 and to pay him in the future all sums earned. He also prays for general relief.

The appellees filed an univerified answer consisting of a general demurrer, numerous special exceptions, general denial, and certain defensive matters, and although writs of injunction and mandamus are sought, we must dispose of the case on the assumption that the allegations in appellant's petition are true. Burgemeister v. Anderson, District Judge, 113 Tex. 495, 259 S. W. 1078.

The only question before us for review is the action of the court in sustaining the general demurrer to appellant's petition.

The contract for the collection of the delinquent taxes was authorized by statute and valid during the continuance thereof [articles 7335 and 7344, R. C. S.; State v. Epperson et al., 121 Tex. 80, 42 S.W.(2d) 228]; and appellant, having acquired rights thereunder, the commissioners' court could not repudiate or terminate it upon any grounds that would not be available to an individual [11 Tex. Jur. 573, § 44; Collingsworth County v. Myers (Tex. Civ. App.) 35 S. W. 414].

The contract does not fix the time of its termination or the period for the performance thereof and the law implies that it was to continue for a reasonable time. Boesen v. Potter County (Tex. Civ. App.) 173 S. W. 462, writ refused.

The appellant alleges, in effect, that the commissioners' court attempted to terminate and repudiate the contract with the county by arbitrarily passing the order of date January 15, 1931, declaring that a reasonable time had elapsed for the continuance thereof.

"The word 'arbitrarily' means in an arbitrary manner, and 'arbitrary,' as defined by the Standard Dictionary, means: 'Fixed or done capriciously or at pleasure; without adequate determining principle; not founded in the nature of things; nonrational; not done or acting according to reason or judgment; depending on the will alone; absolutely in power; capriciously; tyrannical; despotic.' * * *

" 'For all such arbitrary acts (of the commissioners' court) performed in the exercise of judicial power are fraudulent, and voidable, in the proper tribunals of the state, by direct proceedings to set them aside.' " King v. Falls County (Tex. Civ. App.) 42 S.W.(2d) 481, 482.

Obviously, the county could not repudiate a valid contract into which it had entered, by an ex parte order arbitrarily passed by its commissioners' court. The order of said court, whether in the attempted exercise of its administrative power or judicial discretion, was without authority and subject to collateral attack in any court of competent jurisdiction.

The contract fixes no time for its termination and appellant failed to plead what a reasonable time for its performance, under all the facts and circumstances, would be, or that such reasonable time had not elapsed before the taxes on which he claims commission were collected. His petition as a whole indicates that a controversy existed between him and the county as to what constituted a reasonable time. His allegation that his contract was valid, binding, and subsisting was but a conclusion of the pleader. The contract was in effect from and after October 29, 1929. The delinquent taxes collected on which he claims compensation were received from December 9, 1931, to April 5, 1932. In order to fix liability on the county for the sum of $264.37, it was incumbent on him to plead and in a trial prove that such reasonable time had not elapsed before the last item of taxes was collected.

"A reasonable time has been defined to be such time as is necessary conveniently to do what the contract requires to be done and as soon as circumstances will permit. Reasonable time depends on the circumstances in each case, including the nature and character of the thing to be done and the difficulties surrounding and attending its accomplishment. Reasonable time is a question of fact for the jury, unless it depends upon the construction of a contract in writing or upon facts which are admitted or undisputed." 10 Tex. Jur., pages 414 and 415, § 237. See, also, Cheek v. Metzer, 116 Tex. 356, 291 S. W. 860, and authorities cited.

The amount of the claim for which the county is liable, is liable for any sum, has not been ascertained, allowed, or determined. This amount is dependent upon when a reasonable time elapsed for the performance of the contract. If such reasonable time ended before the collection of the item on December 9, 1931, there is no liability against the county. If a reasonable time elapsed after December 9, 1931, but before April 5, 1932, the county would not be liable for the entire sum claimed by appellant.

The district court was not authorized to grant an injunction against the county and

the commissioners' court, in effect enjoining them from asserting that a reasonable time had elapsed for the performance of the contract and it was thereby terminated. Neither was the court authorized to issue its writ of mandamus against the tax collector to compel her to pay to appellant the $264.37; nor to determine the sum, if any, to which appellant was entitled, because the entire claim, if allowed, would have been but $264.37, an amount not within the jurisdiction of said court. Hood, County Judge, v. Cain, County Auditor (Tex. Civ. App.) 32 S.W.(2d) 485, and cases therein cited and other similar authorities have no application.

The judgment of the trial court sustaining the general demurrer and dismissing the appellant's cause is affirmed without prejudice to his right to institute a suit in the proper tribunal.