STATE of Texas by the CRIMINAL DISTRICT ATTORNEY ex rel. Dick LINDSEY et al., Appellants,

v.

CITY OF MARSHALL, Texas, et al., Appellees.

No. 7270.

Court of Civil Appeals of Texas.

Texarkana.

May 2, 1961.

Rehearing Denied June 6, 1961.

Taylor & Ray, Marshall, Chilcote & Clark, Tyler, for appellants.

Gaines Baldwin, Marshall, Earl Sharp, Longview, for appellees.

FANNING, Justice.

This is a direct attack by quo warranto on an ordinance extending the corporate limits of the City of Marshall for school purposes only to embrace the territory of Jonesville Common School District No. 16. The ordinance was challenged by appellants on several grounds, among which were that the petition requesting such extension was not signed by a majority of the resident qualified voters of the affected area as required by Art. 2803, Vernon's Ann. Tex.Civ.Stat., that the city commission of Marshall, Texas, did not acquire jurisdiction or authority to pass said ordinance and that the said city commission did not act in good faith in passing said ordinance. Both parties filed motions for summary judgment. The trial court granted defendants' motion, decreeing that plaintiffs take nothing and denying plaintiffs' motion. Plaintiffs have appealed.

Article 2803 authorizes a city to extend its school limits by ordinance on a petition signed by a majority of the voters residing in the area to be annexed and recommended by a majority vote of the board of school trustees of the city. The requested extension was recommended by a majority of the board of school trustees of the city. The city commission expressly found that the petition was signed by a majority of the resident qualified voters of said affected district.

The issue eventually decided by the city commission in this case was a political one and no private rights were at stake. Since the petition was regular on its face it was sufficient to invoke the potential jurisdiction of the city commission to determine whether it was signed by the required number of qualified voters. School Board of the City of Marshall et al. v. State of Texas by the Criminal District Attorney ex rel. Warbritton et al., Tex., 343 S.W.2d 247.

Art. 2803 does not provide for a review of the preliminary finding made by the city commission and such finding is conclusive in the absence of fraud or bad faith. School Board of the City of Marshall et al. v. State of Texas by the

Criminal District Attorney ex rel. Warbritton et al., Tex., 343 S.W.2d 247.

The record reveals that a full and extensive public hearing on the matter was held by the city commission and all interested parties were given full opportunity to be heard.

After carefully examining and considering the record in this cause we hold that no genuine material issue of bad faith or fraud on the part of the city commission in passing the annexation ordinance was made in this cause. We further hold that no genuine issue of any material fact was made under the record in this cause.

We hold that the trial court correctly granted defendants' motion for summary judgment and correctly denied plaintiffs' motion for summary judgment.

The judgment of the trial court is affirmed.

### On Motion for Rehearing

Rehearing denied.

DAVIS, Justice (dissenting).

The concurring opinion heretofore filed on May 2, 1961, is withdrawn and the following dissent is filed in lieu thereof. I find myself unable to agree to the affirmance of the judgment.

The majority affirms the judgment of the trial court upon the theory that the action of the city council in adopting the ordinance was purely political, there being no property rights involved. The effect of the holding, in my opinion, is to render the ordinance involved in this case immune to attack for any reason. Neither the particular facts found in the record, nor the law as announced in the decisions, justify such holding. While it is the general rule that the judicial department of our government will not interfere with the prerogatives and power of the legislative department in matters purely political, no application of the general rule can be made under the particular facts found herein.

In adopting Art. 2803, V.A.T.C.S., providing for the annexation of territory for school purposes, under which the city council proceeded, the legislature delegated to the city council, *by special grant,* only part of its political or legislative power. This the legislature apparently had the right to do. I doubt the wisdom of granting such legislative authority to the city councils, and believe that such annexations should be required by a majority vote of the people in the city and in the area proposed to be annexed. In delegating only a part of its political power, the legislature expressly limited the city's right to exercise the power conferred upon it. Under this *special grant* of authority, the city council's right to pass the ordinance in question depended solely upon a valid and legal petition actually bearing the signatures of a *majority of the qualified voters* residing in the Jonesville Common School District. As a prerequisite to its right to finally exercise its *discretionary power* and adopt the ordinance, the city council was under the absolute *non-discretionary duty,* by a *fair investigation,* and in *good faith,* to reasonably determine from such fair investigation whether or not the petition actually bore the requisite number of signatures of qualified voters within the proposed district to be annexed. Without a valid petition, the city council was without the power or authority to act. Mesquite Independent School District v. Gross, Tex.Com.App., 123 Tex. 49, 67 S.W.2d 242. The adoption of the ordinance was not, under the facts in this case, solely a political matter such as will prevent the courts from annulling the ordinance upon the allegations and undisputed proof.

The case of Consolidated Common School District No. 5 v. Wood, Tex.Civ.App., 112 S.W.2d 231, N.W.H., announces the correct rule, and should be followed and applied by this court to the undisputed facts appearing in this record. Appellants' petition upon which they went to trial, alleged that the

city council, prior to the adoption of the ordinance, never made a reasonable and fair preliminary investigation to determine whether or not the petition contained a *majority of the signatures of the qualified voters* within the proposed district to be annexed necessary to give it the right, power and authority, (having acquired potential jurisdiction) to finally exercise the power that had been delegated to it by the legislature. If the city council had made such good faith investigation, it would have found the petition did not contain the signatures of a majority of the qualified voters; and that the petition did not in truth and in fact bear a *majority of the names of such qualified voters*. The city council failed to perform this *positive duty* required by Art. 2803, and in so *failing,* its acts were *arbitrary, capricious, unreasonable, in abuse of its discretion, and constituting legal or constructive fraud*. The allegations of facts constituting legal and constructive fraud complied with the following decisions: Storer et al. v. Lane et al., 1 Tex.Civ.App. 250, 20 S.W. 852, N.W. H.; Carter v. Carter, 5 Tex. 93; Mussina v. Goldthwaite, 34 Tex. 125, 126; 7 Am. Rep. 281. See, also, Miller et al. v. State ex rel. Meyers, Tex.Civ.App., 53 S.W.2d 838, wr ref.; State v. Blue Diamond Oil Corporation et al., Tex.Civ.App., 76 S.W.2d 852, N.W.H.; Corneil v. Swisher County et al., Tex.Civ.App., 78 S.W.2d 1072, N.W. H.; 73 C.J.S. Public Administrative Bodies and Procedure, § 59 p. 383; Baisden v. Floyd County Board of Education, 270 Ky. 839, 110 S.W.2d 671; King et al. v. Falls County et al., Tex.Civ.App., 42 S.W. 2d 481, N.W.H.

I do not agree with the meaning given, by our courts, to the phrase "potential jurisdiction". I agree with the theory that a city council acquires potential jurisdiction to extend its limits for school purposes when a petition is filed. But the petition is not to be considered as correct in the number of qualified voters that appear upon it, or that it correctly describes the land or ground that it proposes to be annexed. I firmly believe it becomes the *positive duty* of the city council to make a *fair check* of the signers of the petition to determine whether or not they are qualified voters residing within the area proposed to be annexed. If, *after a good faith investigation,* the city council finds everything to be in order, then it can go ahead with the annexation. If the city council finds the petition NOT to be in order, it should *refuse* the annexation. I believe that would be in line with what Webster's Dictionary defines potential, potentiality and potentially to mean.

Further, the evidence shows that after the petition had been presented to the city council, an election was called for the consolidation of Jonesville Common School District with the Independent School District of Waskom. Prior to the time the election was held, the City Council extended its limits for school purposes so as to include the Jonesville area. Thereafter, the election was held and the people voted to consolidate with Waskom. This fact has no legal bearing on the case. *Except,* it proves that all extension of city limits and school districts should be done by a vote of the people. Art. 2803 should be repealed.

The undisputed evidence offered upon the hearing in this case on the motions for summary judgments establishes the truths of the allegations made by the appellants. The city council, according to the evidence, by affidavits and depositions offered at the hearing, made no effort to perform *its official duty* in that regard as shown by all evidence of probative value. The members of the city council who adopted the ordinance testified that, though they knew it was their duty, they made no such investigation as the law required them to make before adopting the ordinance, and that they did not know whether the signers of the petition were qualified voters of the area to be annexed. The testimony of the members of the school board was exactly the same as that of the city council. Under the pleadings, and the proof, the rule an-

nounced in State ex rel. Wilkinson et al. v. Self et al., Tex.Civ.App., 191 S.W.2d 756, N.W.H., is applicable to that phase in this case. Boynton v. Brown, Tex.Civ.App., 164 S.W. 897, w. r.; Texas Power & Light Company v. Brownwood Public Service Co. et al., Tex.Civ.App., 87 S.W.2d 557, N.W.H.

Neither can I agree with the majority view and finding that the property rights of appellants are not at stake and directly involved in this case. Neither do I believe that the adoption of the ordinance was purely a political matter that the courts are powerless to review or revise such proceedings. Appellants alleged that they were property owners and tax paying citizens in the Jonesville Common School District; that prior to the adoption of the ordinance they enjoyed a tax rate on their properties of only fifty cents on each $100 valuation; that by the adoption of the ordinance annexing their property to the Marshall Independent School District, they will be subjected to an increase in their tax rate to $1.50 on each $100 valuation annually; that the adoption of the ordinance will result in an increase in the valuation of their property by several million dollars annually for tax purposes, all being beyond the necessities of the case as shown by the testimony of members of the school board. This court judicially knows that the trustees of the Jonesville Common School District will be deprived of their property rights if the ordinance is permitted to stand since the right to hold office is a property right within itself. The evidence shows that appellants will thus be deprived of all these valuable property rights they have heretofore enjoyed. Such rights are involved to the extent that the city council's action in adopting the ordinance reaches far above the level of a political matter; and, it should be so held. The authorities abound in which property rights of the citizens have received protection from the courts under like or similar facts and need not be cited herein.

There is nothing in the opinion of the Texas Supreme Court in the case of School Board of City of Marshall et al. v. State of Texas ex rel. Warbritton et al., 343 S.W.2d 247, and the cases therein cited, contrary to the views expressed herein. The cases are distinguishable upon the facts, rendering the authorities cited inapplicable. The holding in the cases were, no doubt, made because the evidence in those cases was considered sufficient to justify the trial court in making a fact finding that the governing authorities had exercised *good faith* and *honest judgment* in performing their official duty by first determining that the petitions, upon which they acted, were statutory petitions and contained a majority of the names of the qualified voters within the area to be annexed, so as to authorize them to exercise their discretion and make effective the power delegated to them. The question of no evidence was not before the court in such cases. The record in this case is entirely without evidence upon which the Supreme Court based its decision in the Warbritton case.

It is true that Art. 2803 does not provide for a direct appeal from the action of the city council in adopting the ordinance. Nevertheless, the attack on the ordinance, for the reasons appearing in the record, is authorized and entirely proper, under our quo warranto statute and decisions made by the Texas courts thereunder. The remedy has often been recognized and enforced. The evidence in this case is not of that conclusive nature as will preclude such an attack, by reason of the finality of the decision of the city council. The following authorities support the procedure followed by appellants in attacking the ordinance in quo warranto. See King's Estate et al. v. School Trustees of Willacy County et al., Tex.Civ.App., 33 S.W.2d 783, at page 784 e. r., and cases therein cited. See, also, City of West University Place et al. v. State ex rel. Kirby et al., Tex.Civ.App., 56 S.W.2d 1081, er. ref.; Mesquite Independent School District v. Gross, supra; Town of DeKalb

et al. v. State, ex rel. King, Tex.Civ.App., 71 S.W.2d 299, N.W.H.

There is no evidence in this record to support the trial court's judgment. *All evidence introduced by appellants in opposition to the motion for summary judgment must be taken as true in this summary judgment proceeding.* The undisputed evidence shows that not only are appellees not entitled to summary judgment, as a matter of law, but to the contrary, the undisputed facts show, as a matter of law, that they are not entitled to same under Rule 166A, V.A.T.R.C.P. No presumptive findings may be indulged in support of the judgment. The judgment must stand or fall on the particular facts found in the affidavits, depositions and admissions on file with the trial court at the hearing on the motion.

For the reasons pointed out, I respectfully dissent. I would grant appellants' motion for rehearing and reverse the trial court's judgment.