**Rayburn M. HAMILTON, Appellant,**

v.

**Ava Josephine McAMIS et al., Appellees.**

**No. 209.**

Court of Civil Appeals of Texas.

Tyler.

March 24, 1966.

James T. Flynt, Quitman, for appellant.

H. M. Harrington, Jr., Harrington & Harrington, Longview, for appellees.

SELLERS, Justice.

The plaintiff, Rayburn M. Hamilton, brought this suit in the District Court of Wood County, Texas, by filing an unveri-

fied petition seeking to enjoin and abate a valid District Court judgment pending in the District Court of Smith County, Texas, rendered in 1949 in which the plaintiff was a party. The suit was in trespass to try title.

The plaintiff's petition also seeks the same relief against a valid judgment of the County Court of Wood County rendered in February 1965 in which the plaintiff was likewise a party. Neither judgment is alleged to be void, but certain errors of law are alleged to have been committed.

The prayer for relief in plaintiff's petition is for relief in equity and law that all partition judgments and motions be arrested and held in abeyance and abated, and defendants enjoined from further action until a construction can be had on its merits of the will of Mrs. W. W. Cain, deceased, pending in the District Court of Kaufman County, Texas.

The defendants, through their attorney, answered the above petition of plaintiff with a motion for summary judgment to which is attached the affidavit of the attorney setting out the validity of the judgments sought to be enjoined and abated and further alleged that plaintiff's petition presents a collateral attack on said judgments and the trial court was without jurisdiction to grant the relief prayed for by plaintiff.

The trial court set the motion of defendants down for hearing on July 23, 1965. No counter affidavits were filed by plaintiff and no evidence was offered on the hearing by either party except the above referred to affidavit attached to defendants' motion for summary judgment.

The trial court sustained the motion for summary judgment by defendants and entered judgment denying the plaintiff any relief to which action the plaintiff excepted and gave notice of appeal to the Court of Civil Appeals at Tyler, and the record is now before this court for review.

■ At the outset we are of the opinion that the trial court's judgment must be sustained for the reason that plaintiff's petition seeking injunctive relief was not verified and the plaintiff offered no evidence on the hearing in support of the allegations in his petition. Rules of Civil Procedure No. 682 provides:

"No writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge verified by his affidavit and containing a plain and intelligible statement of the grounds for such relief. * * *"

■ We are likewise of the opinion that the plaintiff's petition presents a collateral attack upon the judgments complained of, and the trial court had no jurisdiction to enjoin the same. In State v. Epperson et al., 121 Tex. 80, 42 S.W.2d 228, it was held:

" * * * The law in this state is thoroughly settled that, when a court of competent jurisdiction acquires jurisdiction of the subject-matter of a suit, its authority to determine all the questions involved therein continues, subject only to the appellate authority, until the matter is finally disposed of; and no court of co-ordinate jurisdiction can lawfully interfere with its action. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; Barrier v. Lowery et al., 118 Tex. 227, 11 S.W.2d 298, 13 S.W.2d 688. * * *"

For the above reasons the judgment of the trial court is affirmed.