**SAN DIEGO INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**CENTRAL EDUCATION AGENCY, et al., Appellees.**

**No. 14510.**

Court of Appeals of Texas, Austin.

Jan. 29, 1986.

Rehearing Denied Feb. 26, 1986.

See also Tex.App., 634 S.W.2d 50.

Steve Schiwetz, Meredith, Donnell & Abernethy, Corpus Christi, for appellant.

Jim Mattox, Atty. Gen., George Warner, Asst. Atty. Gen., Austin, for Central Educ. Agency.

Thomas I. Davies, Graves, Dougherty, Hearon & Moody, Austin, for Freer Mun. Independent School Dist.

SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

SHANNON, Chief Justice.

San Diego Independent School District appeals from the judgment of the district

court of Travis County which affirmed the order of the State Board of Education. The agency's order sustained the annexation by the Freer Municipal Independent School District of 24, 782 acres of land from the San Diego district. This Court will affirm the judgment of the district court.

By February 1980, the City of Freer had assumed control of its schools and had become a municipal school district pursuant to Tex.Educ.Code Ann. § 19.161 (1972). About that time, a petition was presented to the board of trustees of the Freer district to annex 24,782 acres of land from the San Diego district. The petition purportedly was signed by a majority of the resident qualified voters of the area to be annexed. Tex.Educ.Code Ann. § 19.164(b) (1972). A majority of the Freer board of trustees then voted to annex 24, 782 acres for school purposes only. On February 23, 1980, the Freer City Council enacted Ordinance 80–4 and completed the annexation.

San Diego challenged the annexation by appeal to the Texas Education Agency. The agency ultimately sustained the annexation.

San Diego then filed an administrative appeal in the district court of Travis County to set aside the agency order and to obtain temporary injunctive relief. The district court denied the application for temporary injunction and this Court sustained the order of denial. *San Diego Independent School District v. Central Education Agency*, 634 S.W.2d 50 (Tex.App. 1982, no writ). Thereafter, the district court rendered judgment on the merits affirming the agency order.

San Diego complains first of the refusal by the district court to remand the cause to the agency with instructions to reopen the record and receive additional evidence. The Administrative Procedure and Texas Register Act empowers the reviewing trial court, under certain conditions, to order the administrative agency to take additional evidence. Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19(d)(2) (Supp.1986).

Section 19(d)(2) provides that:

(2) any party may apply to the court for leave to present additional evidence and the court, if it is satisfied that the additional evidence is material and that there were good reasons for the failure to present it in the proceeding before the agency, may order that the additional evidence be taken before the agency on conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file such evidence and any modifications, new findings, or decisions with the reviewing court ...

■ Before a cause may be remanded to the agency to take additional evidence under § 19(d)(2), the court must be satisfied that (1) the additional evidence is material and (2) there was good reason for the failure of the party to present the evidence before the agency. *Texas Oil & Gas Corp. v. Railroad Com'n.*, 575 S.W.2d 348 (Tex. Civ.App.1978, no writ); *Independence Savings and Loan Association v. Gonzales County Savings and Loan Association*, 568 S.W.2d 463 (Tex.Civ.App.1978, writ ref'd n.r.e.).

San Diego's motion to reopen was supported by affidavits of counsel, written depositions, and testimony of two witnesses. The evidence in support of the motion tended to show that perhaps five of the signatures to the petition were not "authentic" in that they were acts of someone else, usually a spouse or family member, and that perhaps three signatures were of persons who did not reside within the area to be annexed. The evidence also tended to show that there was not sufficient time to investigate the authenticity of the signatures before the agency hearing. Nevertheless, counsel's affidavits showed that Freer's superintendent of schools was interrogated at the agency hearing by San Diego counsel concerning the regularity *vel non* of the signatures on the petition.

■ The district court found as a fact that there was no good reason why the evidence tendered in support of the motion could not have been presented in the agency hearing. In so finding, the district court

necessarily determined that San Diego failed to discharge the burden imposed by § 19(d)(2) to establish that the claimed irregularities could not have been discovered and presented in the agency hearing. We note that San Diego never requested a continuance from the agency so that it could further investigate the signatures. It is plain that counsel for San Diego was apprized of potential problems with the signatures since he interrogated Freer's witness concerning that subject. Further, San Diego's proof that its counsel did not have sufficient time to unearth the facts concerning the signers of the petition was not binding on the district court. Certainly, San Diego's proof failed to establish as a matter of law that the claimed irregularities could not have been discovered in time to have been presented at the agency hearing. The point of error is overruled.

■ By points two and four San Diego claims that the district court erred in affirming the administrative order because there was not substantial evidence to support the agency finding that the petition was signed by a majority of the resident qualified voters. The City of Freer's preliminary finding that the petition was signed by the required number of resident qualified voters was conclusive in the absence of a showing of fraud or bad faith. *State v. City of Marshall*, 347 S.W.2d 274 (Tex.Civ.App.1961, writ ref'd). San Diego introduced no proof of fraud or bad faith in the agency hearing.

■ San Diego suggests that this Court should abandon the majority holding in *State v. City of Marshall, supra,* and instead follow the rationale of the dissenting opinion authored by Associate Justice Matt Davis. This Court respectfully declines San Diego's bid and will follow the rule announced by the majority opinion. The Supreme Court of Texas refused application for writ of error in *State v. City of Marshall, supra.* When the Supreme Court refuses an application for writ of error, that Court gives full approval to the opinion of the Court of Appeals and makes that opinion as authoritative as one of its own opinions. *Biggers v. Continental Bus System,* 303 S.W.2d 359, 364 (Tex.1957). Re-examination of an issue, raised and determined in a Court of Appeals' opinion in which an application for writ of error has been refused, lies solely within the province of the Supreme Court. *Humble Oil & Refining Co. v. State,* 158 S.W.2d 336, 342 (Tex.Civ.App.1942, writ ref'd). The points of error are overruled.

■ San Diego next complains that the district court should have reversed the administrative order because the agency refused to consider its motion for rehearing. The State Board of Education had originally entered an order which, in effect, invalidated the annexation. On Freer's motion for rehearing, the agency reversed itself and entered an order affirming the annexation. San Diego then tendered its motion for rehearing to the agency. The agency, initially and mistakenly, took the position that it could not consider the motion since its rules made no provision for a second motion for rehearing. Thereafter, the agency did, indeed, file the motion for rehearing and by letter informed San Diego of that fact.[1] The agency did nothing further concerning the motion for rehearing. As a result, the motion for rehearing was overruled by operation of law forty-five days from the date of rendition of the final

---

1. This Court's examination of the administrative record did not reveal San Diego's motion for rehearing nor the agency's letter to San Diego informing it that the motion for rehearing had been filed. At the request of the Court, the Clerk of this Court wrote counsel for all parties notifying them of the absence of the documents and requesting them to respond by a date certain. Counsel for the agency and counsel for Freer responded, but to date counsel for San Diego has not.

It is San Diego's responsibility to bring a complete record of the administrative proceeding to the reviewing courts. By failing to do so, San Diego risks dismissal of the appeal. *See Basin, Inc. v. Railroad Commission of Texas,* 613 S.W.2d 800 (Tex.Civ.App.1981, no writ).

Counsel for the agency, however, has furnished the Court with copies of the motion and the letter, duly certified by the appropriate agency official. This Court has determined to accept the certified copies tendered by the agency counsel and to proceed to determine the appeal.

order. Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 16(e) (Supp.1986). San Diego then perfected its administrative appeal to the district court of Travis County.

There is no provision in the Administrative Procedure and Texas Register Act requiring the agency to conduct a hearing on a motion for rehearing. If the agency takes no action respecting the motion, § 16(e) provides that it is overruled by operation of law forty-five days from the date of rendition of the final order. The point of error is overruled.

Finally, San Diego claims that Tex. Educ.Code Ann. § 19.164(d) (1972) violates Tex.Const.art. VII § 1 (1955). Because no such claim was pleaded in district court, it may not now be asserted on appeal.

The judgment is affirmed.