G. C. BARRIER ET AL. v. H. J. LOWERY ET AL.

No. 5033. Decided December 12, 1928. February 20, 1929.
(11 S. W., 2d Series, 298; 13 S. W., 2d Series, 688.)

*Davis, Synnott & Hatchel* and *Bledsoe, Crenshaw & Dupree,* for relators.

The Supreme Court has authority to take cognizance of the pendency of the same or similar suits, between the same parties in two or more District Courts and to determine which one has original jurisdiction and the authority to proceed with the trial of such suit, and has correlative authority to make all orders, including prohibi-

tion and injunction, to protect exercise of that power. Cleveland v. Ward, 116 Texas, 1.

The District Court first obtaining jurisdiction and venue of the parties and subject matter of a suit has exclusive right to proceed with the trial of such cause unless such jurisdiction and venue has been lost or otherwise waived. Long v. Long, 269 S. W., 207; Goggan v. Morrison, 163 S. W., 120; Miller & Victor Lumber Co. v. Williamson, 164 S. W., 440; Sparks v. National Bank of Commerce, 168 S. W., 48; Camp v. First National Bank, 195 S. W., 217; Phillips v. Phillips, 223 S. W., 243; Ward v. Scarbough, 223 S. W., 1107.

The Dallas County Court having acquired jurisdiction and venue over the subject matter and parties to this suit, we submit that the Dallas County Court should be authorized to proceed with the trial of this case, as it is willing to do, and that the Lubbock County Court be restrained from in any way interfering with the orderly process of its proceedings and that this court issue such orders, decrees and writs as may be necessary to protect and enforce its judgment herein.

Judge Royal R. Wheeler, as respondent, answered *in pro. per.*

*Wilson & Randal* and *J. I. Kilpatrick,* for respondent Lowery.

Where the respondent files suit against the relators in the District Court of Lubbock County, Texas, and applied for a temporary injunction, restraining the relators from prosecuting an alleged suit against the respondent in the District Court of Dallas County, Texas, and the temporary injunction having been granted by the District Court of Lubbock County as prayed for, and no motion to dissolve such injunction was ever filed by the relators, and no appeal ever prosecuted, the Supreme Court is without jurisdiction to issue a writ of mandamus, restraining the enforcement of the injunction, or the further prosecution of the Lubbock suit. Glenn v. Milam, 263 S. W., 900; Ridder v. Hall, 251 S. W., 497; Cleveland v. Long, 285 S. W., 1071.

Where the relators have failed to file a motion to dissolve the injunction granted by the 72d District Court of Lubbock County, Texas, and have failed to appeal from such judgment, and the judgment of the Lubbock District Court is a valid one, and one which the court had jurisdiction and legal right to render, a mandamus applied for to prevent such injunction from being enforced will not be issued by the Supreme Court. Hume v. Schintz, 90 Texas, 72;

Smith v. Conner, 98 Texas, 434; Aycock v. Clark, 94 Texas, 375; Matthaei v. Clark, 110 Texas, 114; Glenn v. Milam, 263 S. W., 900; Robertson v. Work, 270 S. W., 1006; Cunningham v. City of Corpus Christi, 260 S. W., 266; American Construction Co. v. Jacksonville T. & K. W. Ry. Co., 148 U. S., 372; 37 L. Ed. 486.

Where the respondent files suit against the relators in trespass to try title to and to cancel a deed conveying land situated in Lubbock County, Texas, and the residence of one of the relators was unknown to him, and the residence of one of the other relators was outside of The State of Texas, and it was necessary to serve these non-resident relators by publication, the District Court of Lubbock County, Texas, is the only court which would have jurisdiction to render a judgment in such case. Article 2039, Revised Civil Statutes of 1925; Article 2042, Revised Civil Statutes of 1925; Davenport v. Rutledge, 187 S. W., 988; Chapman v. Kellogg, 252 S. W., 151.

Where the respondent's suit for title to his land, filed in Dallas County, has been dismissed, and suit was subsequently filed by him in Lubbock County for the recovery of the land, a cross action against him by some of the defendants for debt, filed in the Dallas suit, is not another suit pending in that there must be the same parties, the same rights asserted, the same relief prayed for, and a disposition of the first must finally control the second, and the pendency of the cross action in the first suit will not be grounds for evading or delaying the prosecution of the subsequent suit in Lubbock County. Mutual Life Insurance Co. v. Hargus, 99 S. W., 580; Pullman Co. v. Hoyle, 115 S. W., 315; K. C., M. & O. v. State, 155 S. W., 561; Affirmed by Supreme Court, 163 S. W., 582; Simmang v. Braunagul, 27 S. W., 1032; Wright v. Wright, 285 S. W., 909; Business Men's Oil Co. v. Priddy, 250 S. W., 156; Long v. Long, 269 S. W., 207; Cunningham v. City of Corpus Christi, 260 S. W., 266; McCoy v. Bankers Trust Company, 200 S. W., 1138; Cooper v. Mayfield, 94 Texas, 107; 1 C. J., page 97, section 138, p. 98, sec. 140.

MR. JUDGE LEDDY delivered the opinion of the Commission of Appeals, Section B.

Relators seek in an original application for mandamus to require Judge Royall Watkins, judge of the 95th District Court at Dallas, to proceed to trial of a cross action filed by them in a certain suit brought in that court by respondent H. J. Lowery. It appears that

plaintiffs' cause of action in that suit was dismissed for want of prosecution, but the cross action filed by relators therein remained on the docket for trial. Before a trial thereon could be obtained, the respondent Lowery filed an independent suit in the district court of Lubbock County covering the same subject matter as is involved in relators' cross action pending in Judge Watkins' court. It is conceded that a final judgment in the suit filed at Lubbock could successfully be pleaded in bar of the relief sought by relators in the cross action in the suit pending at Dallas.

The plaintiff in the Lubbock suit procured the issuance of a temporary writ of injunction restraining relators and their attorneys from further prosecuting their cross action in the 95th District Court at Dallas or from taking any orders therein.

The District Court for the 95th District having acquired jurisdiction of the subject matter involved in relators' cross action, its right to determine the questions therein involved was exclusive and could not be trenched upon by any other court. Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1063, and cases there cited; Benson v. Fulmore, (Com. App.), 269 S. W., 71; Long v. Long, 269 S. W., 207; Goggan & Bros. v. Morrison, 163 S. W., 120; Miller & Vidor Lumber Co. v. Williamson, 164 S. W., 440; Camp v. First Nat'l Bank, 195 S. W., 217; State v. Reynolds, 209 Mo., 161, 107 S. W., 485, 15 L. R. A. (N. S.), 963, 123 Am. St., 468, 14 Ann. Cas., 198.

There existed some confusion in the authorities on this question prior to the decision of our Supreme Court in the case of Cleveland v. Ward, cited above. The decision in that case clarified the law of this state with reference to the jurisdiction of a district court to enter any order or take any action in a case where the jurisdiction of another district court has previously attached to the subject matter and the parties involved therein. It is there distinctly held that jurisdiction of a district court once acquired cannot be destroyed, diminished, or suspended, by any one of the parties, pending an action in another court, and any judgment or order of the latter is void so far as it conflicts with any judgment or order of the court first acquiring jurisdiction.

Under the rule announced in the above case, it is clear that the district court of Lubbock County was without jurisdiction to take any action concerning the subject matter of the suit pending in the 95th District Court at Dallas which would tend to prevent that Court from disposing of a case to which its jurisdiction had attached. The

determination of all questions involved in that case belonged exclusively to the court in which the case was pending. The injunction issued by the district court of Lubbock County restraining relators from prosecuting their suit in the court where jurisdiction had already attached was therefore void, hence no reason exists why the district court at Dallas should not proceed to try the issues involved in relators' suit.

The writ of mandamus prayed for must be refused, however, because it appears from the answer of respondent Judge Royall Watkins that he has not refused to try relators' cross action, but is ready and willing to do so. Relators no doubt assumed that a trial by Judge Watkins at a time when they were restrained from taking any action in the case by reason of the injunction served upon them out of the district court of Lubbock County would not be the character of trial to which they were entitled under the law of this state. This would be true if the injunction issued by the district court at Lubbock was valid and enforceable. As is said by Chief Justice Cureton in the Cleveland case, "to say that the case could be tried without the presence of the plaintiffs who brought the suit would be a denial to them of due process."

Writ of mandamus can only be issued when it appears that a judge improperly refuses to proceed to trial. Since it is shown that Judge Watkins is ready and willing to try the case, and that the action of the district court at Lubbock in enjoining relators from appearing or taking any action in the case pending in Judge Watkins' court is void, no reason exists why said cause of action should not be promptly disposed of.

We therefore recommend that the writ of mandamus prayed for be denied and that the restraining orders heretofore issued by the Supreme Court staying the proceedings in both courts and that of the district court of Lubbock County enjoining relators from appearing or taking any action in Judge Watkins' court be annulled and vacated. All cost of this proceeding will be assessed against respondent H. J. Lowery.

Opinion of Commission of Appeals is adopted and restraining orders of District Court of Lubbock County and of Supreme Court are vacated, and mandamus refused, with costs taxed against respondent Lowery.

*Thos. B. Greenwood,* Associate Justice.
*William Pierson,* Associate Justice.

### ON MOTION FOR REHEARING.

Mr. Judge LEDDY delivered the opinion of the Commission of Appeals, Section B.

The respondent Lowery has filed a motion for rehearing in which he vigorously assails the correctness of our statement of the record in this case. It is asserted that we either have not considered or misunderstood the record in this proceeding. It is charged that our lack of a proper conception of the record has caused us to make the following erroneous findings of fact:

(1) That plaintiffs' cause of action in the District Court of Dallas County was dismissed for want of prosecution.

(2) That relators' cross-action remained on the docket of the District Court of Dallas County for trial.

(3) That before a trial could be obtained on relators' cross-action in the District Court of Dallas County respondent Lowery filed an independent suit in Lubbock County involving the same subject-matter as embraced in said cross-action.

A brief analysis of the facts will demonstrate that we have neither misunderstood nor failed to properly consider the record.

Our finding that respondent Lowery's cause of action was dismissed in the District Court of Dallas County for want of prosecution is sustained by the order of court dismissing same, which in part reads as follows:

"This day came on to be heard the above entitled and numbered cause, and plaintiff failing to appear, the court is of the opinion that this cause ought to be dismissed for want of prosecution."

The order of the court then proceeds in the usual form to dismiss the case and assesses the cost against the plaintiff Lowery. No mention whatever is made in the order of the court of relators' cross-action.

The second finding complained of is not one of fact but rather a question of law. Where a cause in which the defendants have filed a cross-action is dismissed for want of prosecution such dismissal does not operate to dismiss the cross-action and it remains on the docket for trial. It has been expressly determined in this state that the dismissal of a plaintiff's suit for want of prosecution is equivalent to a voluntary dismissal by him and does not in any way affect the right of the defendant to recover on his cross-action. Bradford v. Hamilton, 7 Texas, 55; Cunningham v. Wheatley, 21 Texas, 184; Burford v. Burford, 40 S. W., 602; Marshall v.

Shueber & Co., 3 App. Civ. Cas., Sec. 370; McKie, Executor, v. Simpkins, 1 App. Civ. Cas., Sec. 278; Article 2182, R. S., 1925.

In connection with the third contention, respondent Lowery states in his motion that the suit filed in Lubbock County did not involve at all the same subject-matter as was involved in relators' cross-action in the District Court of Dallas County. If this was an accurate statement of the record, the inquiry would naturally suggest itself under what conceivable theory the District Court of Lubbock County was authorized to enjoin relators from prosecuting their cross-action. If in truth and in fact relators were prosecuting a suit in Dallas County that did not involve "at all" the subject-matter of the Lubbock County suit, then no basis whatever existed for the issuance of an injunction by the District Court of Lubbock County preventing the prosecution of the cross-action in Dallas County.

It is not a fact, however, that relators' cross-action in the District Court of Dallas County did not embrace the same subject-matter as that involved in the Lubbock suit. A mere statement of the relief sought in each case is conclusive of such proposition. In the Lubbock suit respondent sought to cancel the deed made by him to the relators to 420 acres of land and to remove the cloud from title and to recover title to the land on the claim that relators had fraudulently induced him to enter into a contract to exchange said land for a one-seventh interest in a trading partnership, designated as the Gold Bond Saving Stamp Company.

Relators, in their cross-action in the District Court of Dallas County, pleaded the identical contract sought to be rescinded in the Lubbock suit. Their prayer was for the court to affirm the validity of such contract, to remove cloud from title to land obtained thereunder and to recover indebtedness created by reason of Lowery's acts in recognition of said contract.

It is apparent that a judgment for the relief prayed for by relators in the Dallas County suit could be successfully pleaded in bar against the cause of action asserted in the Lubbock suit.

But one other contention made in the motion need be considered. It is argued at length that because no citation had been served upon respondent on relators' cross-action in the Dallas County suit, at the time of the filing of the suit in the District Court of Lubbock County, that that court had exclusive jurisdiction to determine the matters involved in said suit.

Respondent seemed to labor under the impression that the jurisdiction of a district court in this state does not attach in a suit filed

therein until service of process has been had upon the defendant. We need not discuss the conflicting authorities of different states as to when a suit is commenced, as in this state the Legislature has in terms declared what is the commencement of a suit. Article 1971 provides:

"A suit is commenced by the filing of a petition."

Our Supreme Court, in Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1083, cites this statute to sustain the following declaration made by the court:

"Regardless of the question as to whether or not the original petition was sufficient in all respects against demurrer, its subject-matter was within the jurisdiction of the District Court of Johnson County, and the court, *by the filing of the petition,* acquired jurisdiction of the suit."

Independent of this statute there are numerous authorities holding that where a petition is filed and the process of the court is invoked thereon, even though such process is not served upon the defendant, the court thereby acquires jurisdiction of the subject-matter. Schroeder v. Mer. & Mechanics Ins. Co., 104 Ill., 71; State v. Muench, 230 Mo., 236, 130 S. W., 283.

It appears from the record in this case that relators, after filing their cross-action in Dallas County, invoked the process of the court by causing citation to be issued thereon, the same being returned by the sheriff of Dallas County, not served because the defendant was not found in the county. It being shown that the process of the District Court of Dallas County was invoked on relators' cross-action, that court clearly acquired jurisdiction of the subject-matter of such suit.

It is a familiar principle that when a court of competent jurisdiction acquires jurisdiction of the subject-matter of a case its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of coordinate authority is at liberty to interfere with its action. Buck v. Colbath, 3 Wall. (U. S.), 334; Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1063. This principle is a salutary one, essential to the proper and orderly administration of justice and its enforcement is necessary in order to prevent unseemly and dangerous conflicts of jurisdiction and process.

We recommend that the action for rehearing be denied.