OWEN M. LORD AND C. H. MEYER, Petitioners

v.

HAROLD R. CLAYTON ET AL, Respondents

No. A-8709.   Delivered December 13, 1961
Rehearing Denied January 24, 1962
352 S.W. 2d 718

*Gilbert T. Adams,* Beaumont, for relator.

*Will Wilson,* Atty. Gen., *F. J. Maloney, Jr.,* and *N. V. Suarez,* Assts. District Attorney, Austin, *W. G. Walley, Jr.,* Acting District Attorney, Jefferson County, Beaumont, for respondents.

CHIEF JUSTICE CALVERT delivered the opinion of the Court.

## ORIGINAL MANDAMUS

In this direct proceeding in this Court Owen M. Lord, Judge of the Criminal District Court of Jefferson County, Texas, and C. H. Meyer, relators, seek writs of mandamus. Meyer seeks a writ directing Judge Lord to proceed to trial and hearing of his writ of habeas corpus and directing respondent, Harold R. Clayton, Judge of the District Court of the 136th Judicial District, to proceed no further with a suit to enjoin the habeas corpus hearing. Judge Lord seeks a writ directing Judge Clayton to proceed no further with the injunction suit. Other persons and public officials, unnecessary to name, are also respondents.

Normally we would not entertain mandamus proceedings to interfere with injunctive orders of a trial court. While the restraining order entered by the 136th District Court was interlocutory in nature and non-appealable, any temporary injunction entered by that court would have been reviewable by appeal. Ordinarily the parties would have been relegated to that remedy. It appears, however, that the jurisdictional conflict between the

Criminal District Court of Jefferson County and the 136th District Court, as hereafter indicated by our recitation of facts, has reached the point where the public interest and orderly administration of justice must suffer irreparably unless the conflict is relieved by this Court. Our jurisdiction to relieve it is established. Art. 1734, V.A.T.S.; Cleveland vs. Ward, 116 Texas 1, 285 S.W. 1063.

Prior to 1929 Jefferson County constituted two judicial districts, the 58th and the 60th, and the district courts of those districts had all jurisdiction, civil and criminal, conferred by the Constitution on district courts.

By Act of the 41st Leg., Reg. Session, 1929, Ch. 170, p. 374, an additional court for Jefferson County, known as "Criminal District Court of Jefferson County", was created. In the act it was provided that the Criminal District Court should have and exercise "original and exclusive jurisdiction over all criminal cases of the grade of felony in the County of Jefferson of which district courts, under the Constitution and laws of this State, have original and exclusive jurisdiction". Section 14 of the Act reads:

"From and after the taking effect of this Act, the District Courts of Jefferson County as now constituted, shall be, and they are hereby deprived and divested of all jurisdiction in all criminal cases, and of all jurisdiction given the Criminal District Court of Jefferson County by this Act, and all criminal cases pending in said District Courts at the time of the taking effect of this Act, and all matters pertaining to criminal cases pending therein over which the Court herein created is given jurisdiction, shall be, by the Clerk of the District Courts transferred to and entered upon the docket of said Criminal District Court, and when so entered upon the docket, the judges of said Criminal District Court shall try and dispose of same in the same manner as if such cases were originally instituted therein."

At the Second Called Session of the 41st Legislature, Secs. 58 and 60 of Art. 199 were amended. It was provided that Jefferson County should constitute the 58th and 60th Judicial Districts and that the district courts of those districts should "have and exercise concurrent jurisdiction coextensive within the limits of Jefferson County in all civil cases, proceedings and matters of which district courts are given jurisdiction by the Constitution and laws of this State". It was further specifically provided: "Neither of said two district courts shall have or exercise any

criminal jurisdiction in Jefferson County, such criminal jurisdiction having been by law vested exclusively in a criminal district court".

In 1955 the Legislature created the District Court of the 136th Judicial District composed of Jefferson County. Acts 54th Leg., Ch. 216, p. 634. Sec. 2 of the Act provides: "The District Court for the 136th Judicial District shall have and exercise concurrent jurisdiction with the 58th and 60th District Courts within the limits of Jefferson County in all civil cases or proceedings and matters over which District Courts are given jurisdiction by the Constitution and laws of this State."

Until recently the Criminal District Court of Jefferson County has exercised exclusive jurisdiction over all criminal matters in Jefferson County normally exercised by district courts. Until recently the 136th District Court has not exercised, or attempted to exercise, jurisdiction over any such matters.

On September 19, 1961, Judge Clayton appointed Grand Jury Commissioners to select a grand jury for the July term of the 136th District Court. That duty performed, the court empanelled a grand jury on September 29, 1961. Thereafter, on November 1, the said grand jury returned a true bill of indictment against C. H. Meyer into the 136th District Court and delivered it to Judge Clayton who, in turn, delivered it to the District Clerk of Jefferson County. The clerk entered the case on a docket sheet in the "Docket—Criminal District Court" after striking out the word "Criminal" from the heading on the docket sheet and writing "136th" in lieu thereof. A capias, issued by the clerk and directed to any constable of Jefferson County, commanded the arrest of Meyer and that he be brought before the 136th District Court. Meyer was arrested on November 3 and on the same day applied to Judge Lord for a writ of habeas corpus. The writ was duly issued on the 3rd directing the constable to produce Meyer before Judge Lord in the courtroom of the Criminal District Court on November 9, then and there to show why Meyer was held in custody and restrained of his liberty. Judge Lord ordered Meyer released on bail pending the habeas corpus hearing. The record before us reflects that on November 3 the district clerk transferred the case against Meyer to the docket of the Criminal District Court, if, indeed, it had ever been on the docket of any other court.

On November 8 the habeas corpus hearing before Judge Lord was postponed until November 17. On November 9 the State of Texas filed a motion in the Criminal District Court seeking to

66

have that court correct the writ of habeas corpus granted by it so as to make the same returnable to the 136th District Court. That motion was denied by Judge Lord by order entered on November 10.

Before the habeas corpus hearing set for the 17th could be held, the State, acting by and through the acting Criminal District Attorney of Jefferson County and the Attorney General of Texas, filed suit in the 136th District Court against Judge Lord, the District Clerk, Meyer and Meyer's counsel. A restraining order was sought and was granted by Judge Clayton restraining each of the defendants.

"From proceeding with or taking any further action, orders or judgment in a certain habeas corpus proceeding on behalf of Charles H. Meyer, Sheriff of Jefferson County, Texas, presently pending before the Criminal District Court of Jefferson County numbered Cause No. 858 on the docket of said Court, except an order or judgment dismissing the Petition for habeas corpus; or an order or judgment transferring said habeas corpus proceeding to the 136th Judicial District Court; or an order making said writ of habeas corpus returnable to the 136th Judicial District Court; * *".

Hearing on the prayer for a temporary injunction was set for November 27.

On November 22 we granted leave to file relators' petition for writ of mandamus and stayed all proceedings in the habeas corpus hearing set for the 27th in the Criminal District Court and in the injunction suit set for the 29th in the 136th District Court.

The principal basis of relators' claim to relief is that under the legislative acts creating the two courts only the Criminal District Court of Jefferson County has jurisdiction of the matters in controversy and that all orders made with reference thereto by the 136th District Court are absolutely void. They say this is so not only because the act creating the Criminal District Court expressly conferred on it exclusive jurisdiction over such matters but also because the act creating the 136th District Court expressly limited its jurisdiction to "civil cases or proceedings".

Relators' contention that the Criminal District Court of Jefferson County has exclusive jurisdiction of all criminal business in the county of which district courts would have jurisdiction

under the Constitution is foreclosed against them by our decisions in Reasonover v. Reasonover, 122 Texas 512, 58 S.W. 2d 817. There is no need to analyze that decision at length. It is enough to say that we held invalid a provision of an act creating a Criminal District Court which undertook to give the court jurisdiction of divorce cases to the exclusion of other constitutional district courts. We specifically held that while the Legislature could create special courts under authority of an 1891 amendment to Section 1, Article 5 of the Constitution and could confer on such courts concurrent jurisdiction over subjects mentioned in Section 8 of Article 5 of the Constitution, it could not deprive regular district courts of the jurisdiction conferred on them by the Constitution. We adhere to that holding. See also Ex Parte Richards, 137 Texas 520, 155 S.W. 2d 597. There is nothing in Jordan vs. Crudgington, 149 Texas 237, 231 S.W. 2d 641, contrary to our holding in *Reasonover* and both Harris County vs. Stewart, 91 Texas 133, 41 S.W. 650, and Cockrell vs. State, 85 Texas Cr. R. 326, 211 S.W. 939, were decided before and duly noticed in the opinion in *Reasonover*.

■ Neither do we agree that in creating the 136th District Court the Legislature created a special court, as distinguished from a regular or constitutional court, with jurisdiction limited to civil matters only. The 136th District Court is in all respects similar to the 58th and 60th District Courts. Each is a district court for a regularly created judicial district. Each is given concurrent jurisdiction in "all civil cases, proceedings and matters of which district courts are given jurisdiction by the Constitution and laws of this State". There is nothing in the legislation affecting the existence and jurisdiction of the three courts to indicate that the Legislature intended the jurisdiction of the 136th Court to be any more limited than the jurisdiction of the 58th and 60th Courts. We hold all three courts to be regular or constitutional district courts and that in so far as the legislative acts above referred to undertook to deprive them of their constituional criminal jurisdiction those acts are unconstitutional and void.

Having constitutional criminal jurisdiction, it follows that the 136th District Court has jurisdiction to select and empanel a grand jury in the manner provided by law, to receive and have felony indictments docketed in its own docket, to issue a capias for the arrest of one so indicted and have the capias returnable to the court where the case is pending, to try felony cases pending in the court, and to do and perform all other acts in connection with indictment and trial of persons charged with felonies

which the Criminal District Court of Jefferson County or any other district court of general constitutional criminal jurisdiction might do. Its power and jurisdiction to select and empanel a grand jury was not nullified by the fact that the Criminal District Court had selected and empanelled a grand jury which was in existence and functioning at the time the 136th District Court acted. Farrar v. State, 162 Texas Cr. Rep. 136, 277 S.W. 2d 114; Hamman v. State, 166 Texas Cr. Rep. 349, 314 S.W. 2d 301. Art. 338a, Vernon's Texas C.C.P., has no relevancy.

It does not follow from what we have said that the Criminal District Court did not have jurisdiction of the habeas corpus proceeding or that it was proper for the 136th District Court to interfere by writ of injunction with the habeas corpus hearing.

■ A necessary corollary of our holding that the 136th District Court has not been ousted of its constitutional criminal jurisdiction is a further holding that there is, and can be, no mandatory duty on the district clerk to docket all criminal cases in Jefferson County of the grade of felony in the docket of the Criminal District Court, or to transfer to the Criminal District Court all criminal indictments returned to and docketed in the 58th, 60th or 136th District Courts. Sec. 14 of the Act creating the Criminal District Court is permissive and directory only. On the other hand, Sec. 14 contains a mandate of transfer, and it has been held that a transfer made by the Clerk in obedience to the mandate, although not ordered by the court, is a valid transfer. Floyd v. State, 117 Texas Cr. R. 384, 36 S.W. 2d 739.

Articles 584 and 585, C.C.P., contemplate that each court of record having criminal jurisdiction will have a criminal docket to be kept by the clerk. The record before us indicates that the 136th District Court had no criminal docket when the indictment of Meyer was received and filed. The district clerk entered the case in the docket of the Criminal District Court. If we may assume that jurisdiction of the case was retained to the 136th District Court by the change made by the clerk in the printed heading of the docket sheet, we must nevertheless accept the fact that, absent an order by Judge Clayton to the contrary, jurisdiction of the case was transferred from the 136th District Court to the Criminal District Court when, on November 3, the district clerk changed the docket sheet to one for the Criminal District Court in accordance with the directory provisions of the statute.

We need not here decide whether the 136th District Court had jurisdiction of the case pending against Meyer when Judge

Lord issued the writ of habeas corpus, or whether the issuance of the writ under the circumstances and considering the provisions of Art. 120, C.C.P., was an unwarranted interference with the jurisdiction of the 136th District Court. After the case against Meyer was transferred by the clerk to the Criminal District Court that court then had jurisdiction of the case with jurisdiction to conduct the habeas corpus hearing.

■ It is the duty of Judge Lord to proceed to trial in the habeas corpus hearing. He has declined to proceed in the face of Judge Clayton's restraining order. The restraining order issued by Judge Clayton is void in so far as it purports to restrain Judge Lord from proceeding with the habeas corpus hearing. One court has no power to enjoin official action by the judge of another court of co-ordinate power and jurisdiction. Cleveland v. Ward, 116 Texas 1, 285 S.W. 1063, 1072; Barrier v. Lowery, 118 Texas 227, 11 S.W. 2d 298; Millikin v. Jeffrey, 117 Texas 134, 299 S.W. 393, 395. It is also void in so far as it purports to restrain Meyer and his counsel from further prosecution of the writ of habeas corpus in the Criminal District Court of Jefferson County. To deny to Meyer the right to prosecute his writ, personally and by counsel, in a court having legal authority to conduct a hearing, is a suspension of the writ of habeas corpus in violation of Sec. 12, Art. 1 of the Constitution of Texas and of Art. 6, Code of Criminal Procedure, and a denial of due process. Barrier v. Lowery, 118 Texas 227, 11 S.W. 2d 298.

The restraining order entered by Judge Clayton is annulled and vacated, and Judge Owen M. Lord is directed to proceed with a hearing on the writ of habeas corpus of C. H. Meyer now pending in the Criminal District Court of Jefferson County. In the event he does not so proceed, a writ of mandamus will issue.

Opinion delivered December 13, 1961.