**John and Jewel FLORES, Relators,**

v.

**Hon. Dwight E. PESCHEL, Presiding Judge of the 25th District Court of Gonzales County, Texas, Respondent.**

No. 13–96–205–CV.

Court of Appeals of Texas,
Corpus Christi.

July 11, 1996.

---

James L. Post, Law Offices of James L. Post, Raymond C. Alexander, Corpus Christi, for relators.

Dwight E. Peschell, Gonzales, pro se.

Ruth A. Muelker, Robert Summers, Curtis J. Kurhajec, Thornton, Summers, Biechlin, Bunham & Brown, Austin, real parties in interest.

Before DORSEY, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

CHAVEZ, Justice.

By the present mandamus proceeding, John and Jewel Flores complain that the respondent, judge of the 25th Judicial District Court in Gonzales County, had no authority to transfer to his own court a proceeding which was then pending in the Calhoun County Court at Law No. 1. We agree and conditionally grant mandamus relief.

On November 4, 1993, Mr. and Mrs. Flores filed an application for temporary restraining order and petition for temporary injunction in the 25th Judicial District Court of Gonzales County, complaining that Mr. Flores had been injured in a tire explosion, and requesting an order that the tire in question, which was in the possession of defendant Kactus Korral, Inc.,[1] in Gonzales County, be preserved by Kactus and that Kactus allow Flores to inspect it. Flores also requested

"any and all damages allowed by law for injuries sustained as a result of the incident in question." The Gonzales County court granted the requested relief and signed a temporary restraining order on November 4, 1993, and a temporary injunction on November 19, 1993.

Over a year later, on January 4, 1995, Flores filed in the Calhoun County Court at Law No. 1, a petition against Kactus and others (the Kactus defendants) complaining of the same tire explosion and asserting causes of action for negligence and products liability.

However, the Kactus defendants then filed in the Gonzales County court a motion to transfer to itself and consolidate the Calhoun County case with the Gonzales County case on dominant jurisdiction grounds, based on the earlier filing in Gonzales County. The Gonzales County court signed a December 14, 1995, order declaring that it has dominant jurisdiction over the claims filed in both Gonzales and Calhoun Counties, ordering the Calhoun County Clerk to transfer the Calhoun County case to Gonzales County for consolidation with the Gonzales County case, and ordering that Flores take no further action in the Calhoun County case.

By the present mandamus proceeding, Flores complains that the Gonzales County court had no authority to order transferred to itself the case pending in the Calhoun County court.

Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Questions of dominant jurisdiction can generally be reviewed adequately by appeal when both courts proceed with their separate actions without attempting to hinder the other court's jurisdiction. However, when one court directly interferes with the jurisdiction of the other, mandamus becomes appropriate. *See Hall v. Lawlis,* 907 S.W.2d 493 (Tex.1995); *Abor v. Black,* 695 S.W.2d 564, 567 (Tex.1985); *Sweezy Construction, Inc. v.*

---

1. Other defendants below, and real parties in interest to the present original proceeding, include Aluminum Co. of America; Gonzales Employee Leasing, Inc.; and Korral Trucking, Inc.

*Murray,* 915 S.W.2d 527, 530–31 (Tex.App.—Corpus Christi 1995, orig. proceeding); *see also Hooks v. Fourth Court of Appeals,* 808 S.W.2d 56, 59 (Tex.1991). In the present case, the order of the Gonzales County court purports to divest the Calhoun County court of jurisdiction over a case pending in the latter court. This presents a sufficient present conflict of jurisdictions between courts to justify mandamus relief.

■ Moreover, to the extent that one court's attempt to divest the other of jurisdiction over a case amounts to a void order beyond its power or jurisdiction to enter, mandamus may be appropriate regardless of the availability of other remedies. *See Dikeman v. Snell,* 490 S.W.2d 183, 186 (Tex.1973); *First City Bank of Houston v. Salinas,* 754 S.W.2d 497, 498 (Tex.App.—Corpus Christi 1988, original proceeding).

■ Generally, if two lawsuits concerning the same controversy and parties are pending in courts of coordinate jurisdiction, the court in which suit was first filed acquires dominant jurisdiction to the exclusion of the other court. *Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 248 (Tex.1988); *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex.1974); *V.D. Anderson Co. v. Young,* 128 Tex. 631, 101 S.W.2d 798, 800 (1937); *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1070 (1926); *Sweezy,* 915 S.W.2d at 531; *Hartley v. Coker,* 843 S.W.2d 743, 746 (Tex.App.—Corpus Christi 1992, no writ).

■ The proper means of ensuring that the court with dominant jurisdiction tries and determines the lawsuit is by filing a plea in abatement in the court without dominant jurisdiction. *See Sweezy,* 915 S.W.2d at 531; *Hartley,* 843 S.W.2d at 747–48. Abatement of a lawsuit due to the pendency of a prior suit is based on the principles of comity, convenience, and the necessity for an orderly procedure in the trial of contested issues. *Wyatt,* 760 S.W.2d at 248; *Hartley,* 843 S.W.2d at 746. If a party calls the second court's attention to the pendency of the first suit by a plea in abatement, that court must sustain the plea. *Curtis,* 511 S.W.2d at 267; *Howell v. Mauzy,* 899 S.W.2d 690, 697 (Tex. App.—Austin 1994, writ denied).

■ In the present case, however, we need not decide whether the Gonzales County court or the Calhoun County court acquired dominant jurisdiction, because that question has not been properly put in issue in the Calhoun County court by plea in abatement. Rather than allow the Calhoun County court to determine a question involving its own jurisdiction to hear the present lawsuit filed there, the Kactus defendants convinced the Gonzales County court to forcibly wrest jurisdiction from the Calhoun County court by an order purportedly transferring the case out of the latter court.

■ Some rare circumstances may justify what are known as anti-suit injunctions which would prevent a party from filing or proceeding with a lawsuit in another court of this state once dominant jurisdiction has attached in the first court. *See Gannon v. Payne,* 706 S.W.2d 304, 305–06 (Tex.1986); *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1072 (1926). However, one court has no power to enjoin official action by the judge of another court of co-ordinate power and jurisdiction. *Lord v. Clayton,* 163 Tex. 62, 352 S.W.2d 718, 723 (1961); *Cleveland,* 285 S.W. at 1072. While not couched in terms of an injunction against the Calhoun County court proceeding with the case, the present transfer order creates the same effect by purporting to transfer that case away from the Calhoun County court.

The Kactus defendants assert that Texas Rule of Civil Procedure 174(a) allows any court in the state to transfer a case from another court to itself for purposes of consolidating that case with another case pending in the first court. Rule 174(a) states that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

However, Rule 174(a) by its own language allows consolidation only of actions or cases that are then "pending before the court." Neither the rule itself, nor any cases inter-

preting it, suggests that it may be used to extend the court's authority to transfer and consolidate cases pending before other courts.

 The Texas Constitution and the Texas Government Code authorize courts within the same county to transfer cases, exchange benches, and to provide local rules for the administration of such transfers and exchanges. Tex. Const. art V, § 11; Tex. Gov't Code Ann. §§ 24.303, 74.093 (Vernon 1988 & Supp.1996).[2] The statutes and rules generally rely on judicial restraint and collegiality to prevent district and county courts within the same county from fighting one another for jurisdiction over a particular case. *See Excel Corp. v. Valdez,* 921 S.W.2d 444 (Tex.App.—Corpus Christi 1996, orig. proceeding); *R.J. Gallagher Co. v. White,* 709 S.W.2d 379, 381 (Tex.App.—Houston [14th Dist.] 1986, orig. proceeding). The Texas Probate Code also authorizes a statutory probate court to transfer from another court, to itself, a cause of action appertaining to or incident to an estate pending in the statutory probate court. Tex. Prob.Code Ann. § 5B (Vernon Supp.1996).

Absent specific authority, a trial court in one county has no power to order a matter pending before the trial court in another county transferred out of the latter court and into the former. Such actions would, moreover, be a serious violation of the comity and respect that trial judges should extend to their brethren in other counties. We hold that the Gonzales County court had no authority to enter the present order of transfer.

Accordingly, we conditionally grant a writ of mandamus ordering the respondent to vacate its order of December 14, 1995, purporting to transfer to itself jurisdiction over the case pending before the Calhoun County Court at Law No. 1. The writ will not issue, however, unless the respondent fails to comply with the opinion of this Court.

---

2. Specifically Texas Government Code § 24.303(a) provides:

In any county in which there are two or more district courts, the judges of those courts may, in their discretion, either in termtime or vacation, on motion of any party or on agreement of the parties, or on their own motion, transfer any civil or criminal case or proceeding on their dockets to the docket of one of those other district courts.

In addition, Texas Government Code § 74.093 provides in pertinent part:

(a) The district and statutory county court judges in each county shall, by majority vote, adopt local rules of administration.

(b) The rules must provide for:

(1) assignment, docketing, transfer, and hearing of all cases, subject to jurisdictional limitations of the district courts and statutory county courts; . . . .