NUMBER 13-01-549-CV

 

                                            COURT
OF APPEALS

 

                                 THIRTEENTH
DISTRICT OF TEXAS

 

                                               CORPUS
CHRISTI

                                                                                                                     
                  

                                                  IN RE: JAVIER DE LOS SANTOS


                                          AND
TINA G. DE LOS SANTOS, Relators.

                                                                                                                     
              

                                                On
Petition for Writ of Mandamus

                                                                                                                       

                                                                   O
P I N I O N

 

                      Before
Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Chief Justice
Valdez 

 

 

This is an original proceeding
brought by Javier and Tina De Los Santos, Relators, seeking mandamus relief in
connection with a Temporary Restraining Order (TRO) issued on August 7, 2001,
by the Respondent, the Honorable Rose Reyna[1],
sitting as the presiding judge for the 92nd District Court of Hidalgo County.








The underlying case deals with the
execution of a 1997 judgment awarding money damages of $242,997.29 to the
Relators.  On July 24, 2001, Texas
Property and Casualty Insurance Guaranty Association (TPCIGA), the Real Parties
in Interest, filed an application for their first TRO, and presented same to
the Honorable Homer Salinas, sitting as the presiding judge for the 92nd
District Court of Hidalgo County[2].  In that first request for TRO they sought to
enjoin the enforcement of the 1997 trial judgment.  The TRO was granted, and was later extended by a subsequent ex
parte order.  On August 7, 2001, the
Relators and TPCIGA appeared for the purpose of considering TPCIGA=s application for injunctive
relief and for hearing the De Los Santos= motion to dissolve the TRO.  Thereupon, Judge Salinas granted the Relator=s motion to dissolve the TRO
(including the ex parte extension) and denied TPCIGA=s application for injunctive
relief.  Immediately, upon dissolution
of the TRO, a Travis County Constable executed the judgment by levying on funds
in the possession of TPCIGA.  Later that
same day at 5:03 p.m., TPCIGA sought another TRO from the Respondent, enjoining
enforcement of the same 1997 judgment and directing the return of Aall funds and property previously
levied.@








We stayed the TRO before it
expired by its own terms.  Even if the
TRO=s expiration were not stayed, this
mandamus proceeding would not be moot. 
A TRO=s expiration usually renders its
challenge moot.  See Hermann Hosp.
v. Tran, 730 S.W.2d 56, 57 (Tex. App.BHouston[14th Dist.] 1987, no writ).  However, we have jurisdiction to review a
challenged act that is of such short duration that review cannot be obtained
before the issue becomes moot.  E.g.,
Blum v. Lanier, 997 S.W.2d 259, 264 (Tex. 1999).  There must be a reasonable expectation that the same complaining
party would be subjected to the same action again.  Id.; see also Spring Branch I.S.D. v. Reynolds,
764 S.W.2d 16, 18 (Tex. App.BHouston [1st Dist.] 1988, no writ). 
Here, this second TRO amounts to the third extension (in light of first
TRO and subsequent ex parte extension) of time staying execution of the 1997
judgment.  Furthermore, a TRO=s very nature leaves the opposing
party Alittle time to seek mandamus relief
before either complying or being held in contempt.@ 
In re Cornyn, 27 S.W.3d 327, 331 (Tex. App.BHouston [1st Dist.] 1999, no
pet.).  Accordingly, we conclude that
the issues before us are not moot and we should address the petition=s merits.  Cf. In re Cummings, 13 S.W.3d 472,
475 (Tex. App.BCorpus Christi 2000, no pet.)
(holding appeal of expired, one-year protective order not moot under Acapable of repetition yet evading
review@ and another mootness exception). 

In this original mandamus
proceeding we are requested to set aside the district court=s TRO which prohibits the levying
of money damages secured from a final judgment, and orders the return of funds
previously levied.  Mandamus is intended
to be an extraordinary remedy available only in limited circumstances.  Walker v. Packer, 827 S.W.2d 833,
839-40 (Tex. 1992).  It may, however, be
issued to set aside a lower court order that is void.  Lord v. Clayton, 163 Tex. 62, 352 S.W.2d
718, 719 (Tex. 1961) (orig. proceeding). 
As such, we will grant relator=s petition for mandamus only if we find that the TRO is
void.








                                                              Review
of the TRO

It is well established that the Aissuance of a temporary
restraining order, like the issuance of a temporary injunction, is to maintain
the status quo between the parties.@  Cannan v.
Green Oaks Apts., 758 S.W.2d 753, 755 (Tex. 1988); Transport Co. of
Texas v. Robertson Transports, Inc., 261 S.W.2d 549, 552 (Tex. 1953).  As such, a 
trial judge exceeds his authority in a TRO if he grants affirmative
relief which alters the status quo.

The standards for granting a TRO
are similar to those for granting a temporary injunction.  Compare Tex. R. Civ. P. 680 with Sun Oil co. v. Whitaker, 424
S.W.2d 216, 218 (Tex. 1968).  We
therefore borrow from the standards set forth in reviewing temporary
injunctions.  See Williams v. Bagley,
875 S.W.2d 808, 810 (Tex. App.BBeaumont 1994, no pet.) (holding that Aa temporary restraining order is basically a writ
of injunction@).  In Perry v. Stringfellow, the court held that: 

AIf the effect of the granting of a
temporary injunction does more than preserve the status of the property as it had therefore existed, and
accomplishes the whole object of the suit, it would be improper for the court
to grant same, as the legitimate purpose of the temporary injunction is merely
to preserve the existing condition until a final hearing can be had on the
merits.  The court is without authority
to divest a party of property rights without a trial, and any attempt to do so
is void.@

 

Perry v. Stringfellow, 134 Tex. 328, 331, 134 S.W.2d
1031, 1032 (Tex. 1940) (emphasis added).








In the present TRO, the order
contained language ordering the Areturn [of] all funds and property previously levied.@[3] 
This language does more than preserve the status quo, it purports to
order an affirmative action from a public official to return funds back to the
real party in interest. The court was without authority to grant a TRO that
goes beyond Amerely . . . preserv[ing] the
existing condition@. 
Id.  Accordingly, this TRO
does more than Apreserve the status of the
property@ and is void.  Id. 

We conditionally grant relator=s petition for writ of mandamus
and direct the respondent to vacate the temporary restraining order issued
August 7, 2001.  The writ will only
issue if respondent does not vacate the TRO.

 

 

 

 

ROGELIO VALDEZ

Chief Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 20th day of September, 2001.  











[1]Judge Reyna is the duly
elected judge for the 206th District Court of Hidalgo County.





[2]Judge Salinas is a retired
judge and the former elected  judge of
the 92nd District Court of Hidalgo County. 






[3]Real Party in Interest
argues that this handwritten insertion was his own Amute testimony@ concerning a fear of Areversed collection@ and cannot be a part of
the order because it was not initialed nor was it included in the typewritten
form.  However, a trial court=s order may contain
handwritten interlineations and still have the full force and effect of an
order.  Hart v. Calkins Mfg. Co.,
623 S.W.2d 451, 453 (Tex. App.BTexarkana 1981, no pet.) (stating that the Amere fact that the
instrument evidencing the judgment contains erasures or corrections does not
impugn its verity@).