Dismissed and Majority and Concurring Opinions filed March 17, 2005









Dismissed and Majority and Concurring Opinions filed
March 17, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00267-CV

____________

 

SPIRO
NIKOLOUZOS by his wife, JANNETTE NIKOLOUZOS, Appellant

 

V.

 

ST. LUKE=S EPISCOPAL HOSPITAL, Appellee

 



 

On Appeal from the
189th District Court

Harris County,
Texas

Trial Court Cause No.
05-16058

 



 

M A J O R I T Y   O P I N I O N

This is an attempted interlocutory appeal from the oral
denial of appellant=s first and second applications for temporary restraining
orders.  We dismiss the appeal for want
of jurisdiction.








The underlying action is brought under the
Advance Directives Act,[1]
specifically Texas Health and Safety Code section 166.046(g), which provides a
mechanism to seek a judicial extension of the time period in which to find
alternative treatment for a patient when the hospital has determined that
life-sustaining treatment is inappropriate. 
The statute provides: 

At the request of the patient or
the person responsible for the health care decisions of the patient, the
appropriate district or county court shall extend the time period provided
under Subsection (e) [10 days after the written decision by the hospital=s ethics committee is provided to
the patient or responsible person] only if the court finds, by a preponderance
of the evidence, that there is a reasonable expectation that a physician or
health care facility that will honor the patient=s directive [regarding
life-sustaining treatment] will be found if the time extension is granted.

Tex. Health & Safety Code
Ann. ' 166.046(g)
(Vernon Supp. 2004-05).

Appellant filed an original petition seeking an extension of
time for continued life support, injunctive relief, and monetary damages.  At the same time, appellant filed an
application for a temporary restraining order and temporary injunction.  The trial court conducted a hearing on
appellant=s first application for temporary
restraining order on March 9, 2005.  At
the conclusion of the hearing, the court orally denied the application.  The court permitted appellant to file a
second application for a temporary restraining order, and the court conducted a
hearing on March 11, 2005.  The court
again orally denied the application. 
Appellant then filed a notice of appeal from the denial of both TRO
applications.

On March 15, 2005, appellee filed a motion to dismiss the
appeal for want of jurisdiction.  See
Tex. R. App. P. 42.3(a).  Appellee argues that this court lacks
jurisdiction over appellant=s attempted appeal from the denial of temporary restraining
orders in the absence of express statutory authority. 








Because appellant sought other relief that remains pending in
the trial court, the rulings appellant seeks to appeal are interlocutory.  See North E. I.S.D. v. Aldridge, 400
S.W.2d 893, 895 (Tex. 1966) (noting Ato be final a judgment must dispose
of all issues and parties in a case@). 
It is well settled that appellate courts have jurisdiction to consider
immediate appeals of interlocutory orders only if a statute specifically
provides for appellate jurisdiction.  Stary
v. DeBord, 967 S.W.2d 352, 352-53 (Tex. 1998).  Section 166.046 does not expressly provide a
right to appeal the trial court=s ruling on a request for extension of time for life
sustaining treatment, thus indicating the legislature did not intend to permit
such an appeal.  See, e.g., Ex parte
Burr, 139 S.W.3d 446, 448 (Tex. App.CDallas 2004, pet. struck) (holding
that failure to include right to appeal in statute indicated legislature did
not intend to permit appeal from denial of temporary restraining order).  

While an interlocutory appeal from the grant or denial of a
temporary injunction is allowed, no statutory provision permits an appeal from
a temporary restraining order.[2]  See Lesikar v. Rappeport, 899
S.W.2d 654, 655 (Tex. 1995); Cross Media Network, Inc. v. Sandefer, 2000
WL 1260251, *1 (Tex. App.CHouston [14th Dist.] 2000, no pet.) (not designated for
publication); see also Tex. Civ.
Prac. & Rem. Code Ann. ' 51.014 (Vernon Supp. 2004-05)
(specifically permitting appeal of interlocutory orders in ten instances, but
not including the grant or denial of a temporary restraining order).  Thus, the grant or denial of a temporary
restraining order is generally not appealable. 
In re Tex. Nat. Res. Conservation Comm=n, 85 S.W.3d 201, 205 (Tex. 2002). 








However, the fact that the order is denominated a temporary
restraining order is not determinative of whether the order is appealable.  Whether an order is a nonappealable temporary
restraining order or an appealable temporary injunction depends on the order=s characteristics and function, not
its title.  Qwest Communications Corp.
v. AT & T Corp., 24 S.W.3d 334, 336 (Tex. 2000).  If the force and effect of the order is
indistinguishable from that of a temporary injunction, then the order is
appealable.  Plant Process Equip.,
Inc. v. Harris, 579 S.W.2d 53, 54 (Tex. App.CHouston [14th
Dist.] 1979, no writ).  The record in this case demonstrates
that the initial relief requested was a temporary restraining order pending a
subsequent hearing on a temporary injunction, and the parties at the hearings
treated them as hearings on applications for temporary restraining orders.  No testimony was taken at the hearings.  At the conclusion of each hearing, the trial
court denied appellants= applications for temporary restraining orders.  Under these facts, the rulings at issue
are denials of temporary restraining orders, not denials of injunctions.

On
March 16, 2005, appellant filed a response to appellee=s motion to dismiss.  In support of the court=s exercise of jurisdiction over the
appeal from the denial of temporary restraining orders, appellant cites Lord
v. Clayton, 352 S.W.2d 718, 163 Tex. 62 (1961).  In Lord, however, the relators sought
a writ of mandamus to resolve a jurisdictional dispute between two
criminal courts, in which one court had issued an order restraining a habeas
corpus proceeding in the other court.  Id.
at 719 (emphasis added).  The Texas
Supreme Court recognized that normally mandamus would not issue to interfere
with a trial court=s injunctive orders because, even though a restraining order
is not appealable, any injunction would have been appealable and the parties
would have been required to appeal rather than seek mandamus relief.  Id. 
The court found that the jurisdictional conflict between the two courts
had reached a point where the public interest and orderly administration of
justice would suffer irreparably unless it resolved the conflict.  Id. 
Although there is no question that appellant has the most compelling
personal interest at stake, this court lacks the power to exercise jurisdiction
where none is provided by law.

After
having considered the motion and response, we hold that we lack jurisdiction
over this attempted appeal from the denial of temporary restraining
orders.  When a party attempts to appeal
a nonappealable interlocutory order, an appellate court has no jurisdiction
except to dismiss the appeal.  Lipshy
Motorcars, Inc. v. Sovereign Assocs., Inc., 944 S.W.2d 68, 70 (Tex. App.CDallas 1997, no writ); Harper v.
Welchem, Inc., 799 S.W.2d 492, 496 (Tex. App.CHouston [14th Dist.] 1990, no
writ).  








Accordingly,
we grant appellee=s motion, and the appeal is ordered dismissed.  This court=s writ of injunction issued March 15,
2005, under our cause number 14-05-00273-CV is dissolved by its own terms.

 

 

 

 

                                                                     
/s/    Charles Seymore

Justice

 

 

Judgment rendered and Majority and
Concurring Opinions filed March 17, 2005.

Before the court en banc.  (Fowler, J., concurring).

 











[1]  Tex. Health & Safety Code Ann. '' 166.001B166.166
(Vernon Supp. 2004-05).





[2]  AA temporary restraining order is
one entered as part of a motion for a temporary injunction, by which a party is
restrained pending the hearing of the motion. 
A temporary injunction is one which operates until dissolved by an
interlocutory order or until the final hearing.@ 
Del Valle I.S.D. v.
Lopez, 845 S.W.2d 808, 809 (Tex.
1992).