# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00256-CV

**Ivo Nabelek, Appellant**

**v.**

**The Court of Criminal Appeals, The Supreme Court of Texas,
The Honorable Louise Pearson, The Honorable Blake Hawthorne,
The Honorable Denise Collins, and The Honorable Debbie Stricklin, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. D-1-GN-05-001784, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Ivo Nabelek, proceeding pro se,[1] appeals from the district court's order dismissing his claims against appellees for want of jurisdiction. He contends that (1) the trial court erred in failing to wait until his written response to the appellees' motion to dismiss was filed; (2) the grounds stated in appellees' motion to dismiss, including the lack of a justiciable controversy, do not support the dismissal; and (3) the trial court refused to explain why it dismissed his claims "without prejudice." We affirm.

Nabelek's complaints in this cause filed in Travis County arise from the handling and disposition of other causes of action in the Harris County district courts, the Texas Court of Criminal Appeals, the Texas Supreme Court, and the United States Supreme Court. Nabelek alleges generally

---

[1] Nabelek is incarcerated in Texas state prison.

that lawsuits in which he was a party in the district courts of Harris County were improperly handled by the clerk[2] and that his rights were prejudiced by a lack of adequate procedures as well as inaction or incorrect action by the district judges presiding. His complaints in this cause arise from his previous suits for clemency, nunc pro tunc reformation of a judgment, DNA testing, and writs of habeas corpus and mandamus in Harris County. He challenged the denial of relief in the Harris County suits, in some instances, to the extent of seeking a writ of certiorari in the United States Supreme Court. He asserts in this cause that his rights to due process, access to the courts, equal protection, and pro se representation were violated in the prior cases by clerical failures to file pleadings, pass the pleadings along to the judges, and failure to forward the pleadings to appellate courts, as well as by the judges' failures to consider or properly rule on his pleadings. Nabelek also contends that, when denying his habeas applications, the trial courts improperly failed to make findings of fact, issued only conclusions of law, and made additional recommendations that the court of criminal appeals "then adopted blindly."

Nabelek complains about the judges of the court of criminal appeals and clerk.[3] He contends that they denied him due process by failing to stay his original habeas actions pending results in a DNA suit. He complains that he was denied access to that court by those judges' refusal to grant him leave to file a petition for writ of mandamus that would order the Houston trial court

---

[2] Nabelek also sued Harris County District Clerk Charles Bacarisse in this cause. However, the claims against Bacarisse are not before us because they were severed and transferred to Harris County pursuant to Bacarisse's motion to transfer venue.

[3] Nabelek sued Troy C. Bennett, Jr. in his official capacity as clerk of the court of criminal appeals. Because Bennett has been replaced as clerk of the court of criminal appeals by Louise Pearson, she has been substituted as defendant/appellee. *See* Tex. R. App. P. 7.2(a).

2

to entertain his motion to issue a judgment nunc pro tunc. Nabelek also complains that the limited space available on the court of criminal appeals's prescribed habeas application form did not allow him to explain why his more than seventy additional claims could not have been brought in his original petition. He contends that the form incorrectly requires that he state the "reasons" he could not have brought the claims previously, instead of meeting the law's requirement of a statement of "facts" as to why they could not have been presented. Nabelek also contends that the rule prohibiting the clerk from filing habeas applications that are not on the prescribed form is unconstitutional. *See* Tex. R. App. P. 73.2.

Nabelek also complains that the Texas Supreme Court and its clerk[4] improperly classified a case in which he had filed a petition for review as a criminal action. He contends that this misclassification led the court to err by transferring the petition to the court of criminal appeals, thus depriving him of access to the Texas Supreme Court and of the opportunity to have the merits of his claim considered. He also complains about the United States Supreme Court's decree (over Justice Stevens's dissent) that he must pay a $300 docketing fee and comply with Supreme Court Rule 33.1 before he can pursue any non-criminal relief at that court. He asserts that the Supreme Court justices (other than Justice Stevens) are denying him access to that court.

Nabelek requested that the Travis County District Court issue injunctions requiring and prohibiting certain actions by the clerks, judges, and justices of the Harris County District Court, the Texas Court of Criminal Appeals, the Texas Supreme Court, and the United States Supreme

---

[4] Nabelek sued Andrew Weber in his official capacity as supreme court clerk. Because Weber has been replaced as clerk by Blake Hawthorne, Hawthorne has been substituted as defendant/appellee. *See id*.

Court. In his prayer for relief, Nabelek requested a declaratory judgment declaring his rights and whether they had been violated in addition to the injunctive relief requested above.

The appellees filed a plea to the jurisdiction. They contended that Nabelek's petition did not present a justiciable controversy. They argued that, because the district court was not empowered to require courts of equal or higher authority to do anything, the relief requested would not resolve the controversy between the parties. They further contended that Nabelek's petition is barred by res judicata because a federal district court had already resolved the claims involving judges Collins and Stricklin and the judges of the court of criminal appeals by dismissing them for failure to state a claim. The appellees also urged that Nabelek's claims are impermissible collateral attacks on decisions made in other suits. The district court granted the plea to the jurisdiction.

Because the existence of subject-matter jurisdiction is a question of law, we review de novo the trial court's ruling on a plea to the jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). Unless a defendant pleads and proves that allegations in a plaintiff's petition were fraudulently made, we take as true the facts pleaded in the petition to determine whether those facts support jurisdiction in the trial court. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). If necessary, we may review the entire record to determine if the trial court had jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554-55 (Tex. 2000). A judgment may be reversed only for an error that either probably caused the rendition of an improper judgment or probably prevented the appellant from presenting his appeal. Tex. R. App. P. 44.1(a).

Nabelek initially complains in this appeal that the district court erred by failing to wait to rule on the plea to the jurisdiction until his response was filed. The plea to the jurisdiction was

4

filed on July 26, 2005. Nabelek contends that, due to his incarceration, he did not receive the plea until July 29, 2005. Although he mailed his response on August 4, 2005, the trial court signed the order granting the plea on August 8, 2005—after the hearing (in which Nabelek participated by telephone), but two days before Nabelek's response was filed in the trial court on August 10, 2005. Nabelek complains that he did not have a reasonable chance to receive the plea, research his response, and have his mailed response received by the court before it ruled.

Nabelek has not shown that the district court's failure to wait for his written response to the plea to the jurisdiction before granting the plea probably resulted in an improper decision. He participated in the hearing by telephone and presented his arguments orally before the trial court granted the plea to the jurisdiction. Further, the district court had Nabelek's written response for twenty-eight days while it had plenary power to reconsider and withdraw its order. The district court did not do so. *See* Tex. R. Civ. P. 329b(d). The court's action has not affected Nabelek's ability to present his arguments on appeal. Because we review Nabelek's complaints as a matter of law—the same standard applicable in the district court—Nabelek's arguments to the district court can be considered on appeal without any prejudice. Nabelek's response is in the record before us, and we will consider his arguments therein to the extent that he presents them on appeal. We are not persuaded that the timing of the district court's hearing and ruling is the source of any reversible error in this cause.

Nabelek contends that the district court erred in finding that his claims do not present a justiciable controversy. A justiciable controversy exists where there is a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). A district court has the power to

issue injunctions and other writs necessary to protect its jurisdiction. Tex. Gov't Code Ann. § 24.011 (West 2004). A district court also has the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. Tex. Civ. Prac. & Rem. Code Ann. § 37.003 (West 1997). A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank*, 907 S.W.2d at 467.

We conclude that the court did not err by concluding that Nabelek's claims do not present a justiciable controversy. The Texas Supreme Court has held that "[o]ne court has no power to enjoin official action by the judge of another court of co-ordinate power and jurisdiction." *Lord v. Clayton*, 352 S.W.2d 718, 723 (Tex. 1961); *Flores v. Peschel*, 927 S.W.2d 209, 212 (Tex. App.—Corpus Christi 1996, orig. proceeding). If a court cannot enjoin its peers, it cannot enjoin official action by justices, judges, and clerks of courts that are superior to it in the judicial hierarchy. We find and are cited to no authority to the contrary. Thus, if the Travis County District Court had issued the requested injunctions, they would have been void. *See Lord*, 352 S.W.2d at 723. Nabelek's requested declarations are linked with the injunctive relief because he asserts that the officials' actions (or failures to act) that he wishes were restrained (or compelled) violated his rights. Further, the requested injunctions and declarations appear to relate to causes that have been litigated to final judgment or dismissal.[5] Therefore, ordering the court clerk to present

---

[5] These include a request for recommendation of pardon or commutation of sentence filed in 2005 in which the pleadings were rejected as an improper ex parte communication, a 2004 motion for judgment nunc pro tunc in a case tried in 1994, a habeas application filed in 1999 and heard in 2001, a successive habeas application filed and dismissed in 2003, a motion filed in 2004 to reopen both the 1999 and 2003 habeas applications, a petition for review filed in 2003, and several successive "replacement" petitions filed thereafter.

documents or include them in a record in such a case over which the court no longer has plenary power would not vest the judges and justices with the power to alter the result in those cases. This would not resolve the underlying controversy. Because the controversy would not have been resolved by the requested injunction or declaration, the disputes presented were not justiciable before the district court. The district court correctly dismissed Nabelek's claims as failing to present a justiciable controversy.

Nabelek also complains that the district court failed to explain why it dismissed his claims "without prejudice." He contends that this left him uncertain about how to proceed, although he acknowledges that the district court could not advise him. We, too, cannot issue an advisory opinion. *Wessely Energy Corp. v. Jennings*, 736 S.W.2d 624, 628 (Tex. 1987). We are limited to resolving those issues necessary to the disposition of the appeal, and can reverse only for harmful errors. *See* Tex. R. App. P. 44.1(a), 47.1. We are not persuaded that either the dismissal without prejudice or the failure to explain probably led to an improper decision or probably prevented Nabelek from properly presenting his appeal. *See id.* 44.1(a).

Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: May 14, 2008