COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00049-CV

 

 


 
 
 MeMc
 I, LLC
  
  
 v.
  
  
 The
 Town of Double Oak, Charlie Wright, and Charlotte Allen
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From County Court at Law
 No. 2
  
 of
 Denton County (CV-2011-00580)
  
 February
 21, 2013
  
 Per
 Curiam
 
 


JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is reversed and that the case is remanded to the trial court for
further proceedings consistent with this opinion.  

          It
is further ordered that Appellees The Town of Double Oak, Charlie Wright, and
Charlotte Allen shall pay all of the costs of this appeal, for which let
execution issue.

SECOND DISTRICT COURT OF APPEALS 

 

 

PER CURIAM

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00049-CV

 

 


 
 
 MeMc I, LLC
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The Town of Double Oak, Charlie Wright, and
 Charlotte Allen
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

FROM County
Court at Law No. 2 OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          This
is a summary judgment appeal.  Appellees the Town of Double Oak, Charlie
Wright, and Charlotte Allen moved for summary judgment on Appellant MeMc I,
LLC’s claims; the sole ground for summary judgment asserted in Appellees’
motion for summary judgment was the affirmative defense of res judicata. 
Appellees premised their res judicata defense on a trial court judgment that
had been appealed to, and was pending in, this court.  This court subsequently
reversed the judgment forming the basis of Appellees’ res judicata defense.[2] 
Appellees concede that the summary judgment appealed here must be reversed
because the only ground on which they sought summary judgment—the affirmative
defense of res judicata—no longer applies in light of this court’s reversal of
the judgment on which the res judicata defense was based.  See J.J. Gregory
Gourmet Servs., Inc. v. Antone’s Import Co., 927 S.W.2d 31, 34 (Tex.
App.—Houston [1st Dist.] 1995, no writ) (recognizing judgment that was reversed
on appeal was not final judgment that could form basis of res judicata
defense).  We sustain Appellant’s sole issue and reverse the trial court’s
summary judgment.  

Having
reversed the trial court’s summary judgment, we would normally remand the case
to the trial court.  See Tex. R. App. P. 43.2(d).  Appellees, however,
filed in this court a motion to abate and to dismiss this appeal based on the
doctrine of dominant jurisdiction; Appellees did not file any motion to abate
in any trial court.  The doctrine of dominant jurisdiction has no application
to this appeal; whether the doctrine may be applicable to Appellant’s suit on
remand—or as Appellant contends was waived—is a matter for a trial court to
resolve, not this court.  See, e.g., Flores v. Peschel, 927
S.W.2d 209, 212 (Tex. App.—Corpus Christi 1996, no writ) (explaining that the
proper means of ensuring that a court with dominant jurisdiction tries and
determines the lawsuit is by filing a plea in abatement in the trial court
without dominant jurisdiction).  Accordingly, we deny Appellees’ motion to
abate and to dismiss this appeal.  

Appellant
requests reasonable attorney’s fees as sanctions against Appellees for forcing
Appellant to brief and to argue this appeal.  Appellant contends that once this
court reversed the judgment upon which Appellees had relied to obtain a res
judicata-based summary judgment, and once the Texas Supreme Court had denied
review, Appellees had no basis in law or fact to oppose the relief requested by
Appellant in this appeal.  We agree.  Appellees conceded in their motion to
abate and to dismiss the appeal that the summary judgment had to be reversed in
this appeal.[3]  And Appellees cite no
authority for the proposition that an appellate court can resolve in the first
instance an issue of dominant jurisdiction or for the proposition that after
reversing a summary judgment—that Appellees concede must be reversed—this court
can dismiss the appeal.

Under
rule 45, after notice and a reasonable opportunity to be heard, we may award just
damages if we objectively determine, after considering “the record, briefs, or
other papers filed in the court of appeals,” that an appeal is frivolous.  Tex. R. App. P. 45; Mid-Continent
Cas. Co. v. Safe Tire Disposal Corp., 2 S.W.3d 393, 396–97
(Tex. App.—San Antonio 1999, no pet.).  A frivolous appeal is defined as “an
appeal having no legal basis.”  Black’s Law Dictionary 113 (3d ed. 2009).  

Here,
Appellant’s appeal is not frivolous.  To the contrary, Appellant is
unquestionably entitled to the relief sought in its appeal—reversal of the
trial court’s res judicata-based summary judgment.  It is Appellees’ opposition
to the granting of the relief sought by Appellant that has no legal basis.  Although
Appellees’ counsel may have violated the spirit if not the letter of the
Standards for Appellate Conduct,[4] because the appeal is not
frivolous, rule 45 does not authorize us to award just damages to Appellant.  See
Tex. R. App. P. 45 (authorizing a court of appeals to award just damages when
an appeal is frivolous).  We therefore overrule Appellant’s request for
reasonable attorney’s fees as sanctions against Appellees.

Having sustained Appellant’s sole issue,
having denied Appellee’s motion to abate and to dismiss the appeal, and having
determined that an award of just damages is not authorized under rule 45, we
reverse the trial court’s judgment and remand this case to the trial court.

PER CURIAM



PANEL: 
WALKER, GARDNER, and MCCOY, JJ.

 

DELIVERED:  February 21,
2013









[1]See Tex. R. App. P. 47.4.





[2]See
McDaniel v. Town of Double Oak, No. 02-10-00452-CV, 2012 WL 662367, at *10
(Tex. App.––Fort Worth 2012, pet. denied) (mem. op.).





[3]Appellees’
motion to abate and to dismiss states:

The county court’s granting of summary judgment on res
judicata grounds was proper when rendered; the district court’s order of
dismissal was final, though on appeal.  However, the doctrine of res judicata
is premised on a final adjudication.  This Court’s Memorandum Opinion in the
district court appeal reversed and remanded the matter back to the trial court,
doing away with the final adjudication and the premise on which the county
court’s order was based.  [Footnote omitted.] 





[4]Under the section entitled
“Lawyers’ Duties to Clients,” counsel is required to advise clients that they
will not take frivolous positions in an appellate court.  See Standards
for Appellate Conduct, Lawyers’ Duties to Clients 13, Texas Rules of
Court (State) 431 (West 2012) (adopted by the Second District Court of Appeals on
Jan. 31, 2000, and available
at http://www.supreme.courts.state.tx.us/rules/conduct.asp.). 
Under the section entitled “Lawyers’ Duties to the Court,” counsel is required
to respect and maintain the dignity of the court by not pursuing an appellate
remedy unless counsel believes in good faith that an error has been committed. 
See id., Lawyers’ Duties to the Court 1, Texas Rules of Court
(State) 432.